# EXHIBIT A

| | |
|---|---|
| DISTRICT COURT, COUNTY OF ARAPAHOE, STATE OF COLORADO<br><br>Arapahoe County Justice Center<br>7325 S. Potomac St.<br>Englewood, Colorado 80112<br>(303) 649-6355 | DATE FILED: June 14, 2018 5:41 PM<br>FILING ID: D2718187B7B88<br>CASE NUMBER: 2018CV31421 |
| **Plaintiffs**:<br>SHIRON MILLS and MARVELET RANDOLPH, as next friend and POA for SHIRON MILLS,<br><br>v.<br><br>**Defendants:**<br>FCA US, L.L.C. F/K/A CHRYSLER GROUP L.L.C., ZF TRW AUTOMOTIVE HOLDINGS CORP. F/K/A TRW AUTOMOTIVE HOLDINGS CORP., TRW AUTOMOTIVE, INC., TRW VEHICLE SAFETY SYSTEMS, INC., ENGLEWOOD MOTORS, INC. D/B/A EMI AUTOMOTIVE GROUP and JOHN DOE CORPORATIONS 1 THORUGH 10. | ▲COURT USE ONLY▲ |
| **ATTORNEYS:**<br>Name:      Reeves D. Whalen, Reg. No. 40189<br>              Graham D. Hersh, Reg. No. 48485<br>Attorneys:  Plaintiff<br>Address:    Whalen Hersh, LLP<br>              7955 E. Arapahoe Court, Ste. 2375<br>              Centennial, Colorado, 80112<br>Phone No.:  (720) 307-2666<br>Fax No.:    Declined pursuant to C.R.C.P. 5(b)<br>E-Mail:     rwhalen@whalenhersh.com<br>             ghersh@whalenhersh.com | Case No.<br><br>Ctrm./Div. |
| **COMPLAINT AND JURY DEMAND** | |

**COMES NOW**, Plaintiffs, Shiron Mills and Marvelet Randolph, as next friend and POA (power of attorney) for Shiron Mills, by and through their counsel of record, WHALEN HERSH, L.L.P., for their Complaint and Jury Demand state, allege, and aver as follows:

1

## PARTIES

1. Plaintiff, Shiron Mills (hereinafter "Ms. Mills"), is a citizen and resident of the State of Colorado, residing at 9866 Milwaukee Street, Thornton, Colorado 80229.

2. Plaintiff, Marvelet Randolph, as next friend and POA for Shiron Mills (hereinafter "Plaintiff"), is a citizen and resident of the State of Colorado, residing at 9866 Milwaukee Street, Thornton, Colorado 80229.

3. Marvelet Randolph is the mother of Shiron Mills and was appointed by Shiron Mills through a Limited Power of Attorney election made on February 21, 2018 to act on her behalf with respect to any legal action or proceeding pertaining to an automobile collision Ms. Mills was involved in on June 18, 2016. Ms. Mills suffered personal injuries in that collision on account of the unreasonably dangerous and defective nature of the automobile she was driving at the time. Those product defects and Ms. Mills' associated injuries form the underlying basis for this Complaint and Jury Demand.

4. Defendant, FCA US, L.L.C. f/k/a Chrysler Group, L.L.C. (hereinafter "Defendant Chrysler"), is a foreign corporation organized under the laws of the State of Delaware, with its principal place of business located a 1000 Chrysler Drive, Auburn Hills, Michigan 48326. Defendant Chrysler regularly conducts business within Colorado, is licensed to do business in Colorado and is engaged in the business of designing, manufacturing and selling automobiles. Defendant Chrysler's registered agent for service of process in the State of Colorado is The Corporation Company, with an address of 7700 E. Arapahoe Road, Suite 220, Centennial, Colorado 80112.

5. Defendant, ZF TRW Automotive Holding Corp. f/k/a TRW Automotive Holdings Corp., is a foreign corporation organized under the laws of the State of Delaware with its principal place of business located at 12001 Tech Center Drive, Livonia, Michigan 48150. Upon information and belief, ZF TRW Automotive Holdings Corp. is the parent corporation and wholly owns TRW Automotive, Inc. and TRW Vehicle Safety Systems, Inc. ZF TRW Automotive Holdings Corp.'s is without a registered agent for service of process in the State of Colorado.

6. Defendant, TRW Automotive, Inc., is a foreign corporation organized under the laws of the State of Delaware with its principal place of business located at 12001 Tech Center Drive, Livonia, Michigan 48150. Upon information and belief, TRW Automotive, Inc. is a wholly owned subsidiary of ZF TRW Automotive Holdings Corp. TRW Automotive, Inc. is without a registered agent for service of process in the State of Colorado.

7. Defendant, TRW Vehicle Safety Systems, Inc., is a foreign corporation organized under the laws of the State of Delaware with its principal place of business located at 4505 West 26 Mile Road, Washington, Michigan 48094. Upon information and belief, TRW Vehicle Safety Systems, Inc. is a wholly owned subsidiary of ZF TRW Automotive Holdings Corp. TRW Vehicle Safety Systems, Inc. is without a registered agent for service of process in the State of Colorado.

2

8. Defendants, ZF TRW Automotive Holding Corp., TRW Automotive, Inc., and TRW Vehicle Safety Systems, Inc. shall hereinafter collectively be referred to as "Defendant TRW."

9. Defendant, Englewood Motors, Inc. d/b/a EMI Automotive Group (hereinafter "Defendant EMI") is a domestic corporation organized under the laws of the State of Colorado with its principal place of business located at 4959 S. Broadway, Englewood, Colorado 80113. Defendant EMI's registered agent for service of process in the State of Colorado is Gary A. Leisy, with an address of 4959 S. Broadway, Englewood, Colorado 80113.

10. Upon information and belief, Defendants John Doe Corporations 1 through 10 (hereinafter "Defendant John Does") are the unknown parent, sister, subsidiary and/or affiliated corporations of Defendants Chrysler and/or TRW involved in the manufacture and/or design of the 2007 Jeep Liberty identified in Paragraph 18 and/or its component parts.

11. At all relevant times, the Defendants, and each of them, were and are "sellers" within the meaning of Colo. Rev. Stat. §13-21-401(3).

12. At all relevant times, Defendant Chrysler was engaged in the business of designing, testing, manufacturing, marketing, advertising, selling, distributing and supplying motor vehicles, manuals, instructions and warnings and other literature pertaining to the operation of motor vehicles worldwide, including the 2007 Jeep Liberty identified in Paragraph 18, and transacts business and derives substantial revenue from business within the State of Colorado.

13. At all relevant times, Defendant TRW was engaged in the business of designing, manufacturing, marketing, selling and distributing occupant restraint systems and/or seatbelt systems for use in motor vehicles, including the 2007 Jeep Liberty identified in paragraph 18, and transacting business and deriving substantial revenues from business within the State of Colorado.

14. At all relevant times, Defendant EMI was engaged in the business of selling motor vehicles to Colorado consumers, including the 2007 Jeep Liberty Identified in Paragraph 18.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this action pursuant to the Constitution of the State of Colorado, Article VI, Section 9.

16. This Court has personal jurisdiction over the Defendants, and each of them, by virtue of their operations and presence in Colorado, by their transacting business in or directed at Colorado, by their commission of tortious acts that caused injury and damages in Colorado, and by otherwise purposefully availing themselves of the benefits and privileges of Colorado law through regular, continuous and systematic contact with Colorado.

17. Venue is proper in this Court pursuant to Colo. R. Civ. P. 98(c)(1) because Defendant EMI maintains a principal place of business in Arapahoe County, because Defendant Chrysler maintains a registered agent for service of legal process in Arapahoe County, because the

3

tortious conduct underlying this Complaint occurred in Arapahoe County and because Arapahoe County is the county named in this Complaint.

## **GENERAL ALLEGATIONS**

18. On or about Saturday, June 18, 2016, at approximately 12:40 a.m., Ms. Shiron Mills was driving a 2007 Jeep Liberty Sport 4x4, VIN No. 1J4GL48K97W612878, westbound on East Mississippi Avenue in Aurora, Colorado, near the intersection with Interstate-225.

19. The 2007 Jeep Liberty referenced in Paragraph 18 above was purchased by Ms. Mills from Defendant EMI.

20. The 2007 Jeep Liberty referenced in Paragraph 18 above was designed, tested, manufactured, marketed, sold and distributed by Defendant Chrysler.

21. The driver-side seatbelt restraint system on the 2007 Jeep Liberty referenced in Paragraph 18 above was designed, tested, manufactured, marketed, sold and distributed by Defendant TRW.

22. At the time and place identified in Paragraph 18 above, and all other relevant times, Ms. Mills was properly wearing the seatbelt restraint system in her 2007 Jeep Liberty.

23. At that same time and place, G.D., a minor, was driving a 2012 Dodge Charger northbound on the Interstate-225 offramp for East Mississippi Avenue.

24. At that time and place, G.D. exited the northbound Interstate-225 offramp onto East Mississippi Avenue.

25. As G.D. exited the offramp, he was driving at a high rate of speed.

26. As G.D. reached the end of the offramp, he failed to negotiate the right-hand turn at the end of the ramp and contacted the concrete median separating East Mississippi Avenue from the offramp.

27. G.D.'s vehicle continued straight, crossing the offramp median and the eastbound travel lanes of East Mississippi Avenue.

28. G.D.'s vehicle then made contact with the concrete median separating east and westbound travel on East Mississippi Avenue.

29. Upon contacting the median on East Mississippi Avenue, G.D.'s vehicle became airborne and continued straight across the median and into the westbound lanes of travel.

30. Upon entering the westbound lanes of travel on East Mississippi Avenue, G.D. impacted Ms. Mills' 2007 Jeep Liberty.

31. When G.D. impacted Ms. Mills' 2007 Jeep Liberty, his vehicle was still airborne.

32. At the time of impact, the Dodge Charger being driven by G.D. was travelling between 41 and 44 miles per hour.

33. At the time of impact, the 2007 Jeep Liberty being driven by Ms. Mills was travelling between 28 and 30 miles per hour.

34. Ms. Mills' vehicle under-rode G.D.'s vehicle following the impact.

35. At all relevant times, Ms. Mills was properly wearing her seatbelt.

36. During the collision, the airbag in Ms. Mills' 2007 Jeep Liberty failed to deploy.

37. During the collision, the seatbelt restraint system in Ms. Mills' 2007 Jeep Liberty failed to appropriately restrain her torso.

38. During the collision, the pretensioner on the seatbelt restraint system in Ms. Mills' 2007 Jeep Liberty failed to fire.

39. During the collision, Ms. Mills' head was allowed to contact the forward interior of her 2007 Jeep Liberty.

40. Ms. Mills' head was permitted to contact the forward interior of her 2007 Jeep Liberty because:

    a. Her seatbelt permitted excessive torso movement;
    b. Her seatbelt pretensioner failed to fire;
    c. Her airbag failed to deploy.

41. Ms. Mills sustained significant injury to her head, face and brain when her head was allowed to contact the forward interior of her 2007 Jeep Liberty.

42. Ms. Mills' 2007 Jeep Liberty suffered significant loss of compartment integrity during the collision.

43. Ms. Mills' 2007 Jeep Liberty suffered significant loss of compartment integrity because of a lack of energy absorption above the main unibody rail of the vehicle.

44. Because of the loss of compartment integrity in Ms. Mills' 2007 Jeep Liberty during the collision, she sustained significant crush injuries to her lower extremities.

45. During the collision, Ms. Mills sustained personal injuries including, but not limited to:

    a. A traumatic brain injury;
    b. Bilateral subdural hematoma;
    c. Facial fractures;
    d. Vertebral artery dissection with occlusion on the left side;
    e. Distal right femur fracture;
    f. Left humerus fracture;

5

g.   Respiratory insufficiency.

46. Following the collision, Ms. Mills was immediately transported to the Medical Center of Aurora, where she was admitted through the Emergency Department in "critical condition."

47. Ms. Mills spent four (4) weeks in the Intensive Care Unit at the Medical Center of Aurora, before being discharged on July 12, 2016.

48. While at the Medical Center of Aurora, Ms. Mills underwent the following surgical procedures:

a.   Left frontal bur hole created for ICP monitor;
b.   Bilateral frontotemporal craniectomies with expansile duraplasty;
c.   Bilateral frontotemporal cranioplasty with autologous bone;
d.   Percutaneous tracheostomy;
e.   Percutaneous gastrostomy;
f.   Open reduction and internal fixation of right distal femur fracture;
g.   Percutaneous IVC filter placement;
h.   PICC line placement.

49. Following her discharge for the Medical Center of Aurora's Intensive Care Unit, Ms. Mills was admitted to a long-term, in-patient assisted living facility, where she stayed for over six (6) months.

50. Ms. Mills has undergone extensive medical treatment for the injuries she sustained in the subject collision.

51. Ms. Mills' medical treatment is ongoing for the injuries she sustained in the subject collision.

52. Ms. Mills has incurred in excess of $2.9 million in past medical expenses because of injuries sustained in the subject collision.

53. Ms. Mills was permanently disfigured in the subject collision.

54. Ms. Mills was permanently disabled in the subject collision.

55. Ms. Mills is unable to walk on account of injuries sustained in the subject collision.

56. Ms. Mills is unable to work on account of injuries sustained in the subject collision.

57. Ms. Mills is unable to live alone on account of injuries sustained in the subject collision.

58. Ms. Mills is unable to act as guardian for her young son on account of injuries sustained in the subject collision.

6

59. Defendants or their predecessors in interest improperly and unsafely designed and manufactured the 2007 Jeep Liberty Ms. Mills was driving at the time of the subject collision.

60. The manufacturing and/or design of the 2007 Jeep Liberty Ms. Mills was driving at the time of the subject collision was defective because:

    a. The seatbelt restraint system allowed too much torso movement;
    b. The pretensioner on the seatbelt restraint system failed to fire;
    c. The driver-side airbag failed to deploy;
    d. It lacked adequate energy absorption above the main unibody rail, resulting in loss of compartment integrity upon collision.

61. Had Defendants or their predecessors in interest designed and manufactured Ms. Mills' 2007 Jeep Liberty without the aforementioned defects, Ms. Mills would not have sustained the injuries she did.

62. Defendants or their predecessors in interest failed to warn consumers, and specifically Ms. Mills, of the dangers posed by their design and manufacture of the subject 2007 Jeep Liberty.

63. Defendant EMI negligently sold Ms. Mills an unreasonably dangerous vehicle when it sold her the 2007 Jeep Liberty identified in Paragraph 18.

64. Defendants' actions, inactions and conduct constitute negligence.

65. Defendants represented that the subject 2007 Jeep Liberty was equipped with an occupant restraint system, including but not limited to, a driver-side seatbelt restraint system that protected front seat occupants in the event of a collision and Ms. Mills relied on those statements when deciding to purchase the subject 2007 Jeep Liberty.

66. Defendants represented that the subject 2007 Jeep Liberty was designed with adequate energy absorption, including but not limited to, adequate energy absorption above the main unibody rail that adequately displaced energy and protected occupants in the event of a collision and Ms. Mills relied on those statements when deciding to purchase the subject 2007 Jeep Liberty.

67. Defendants represented that the subject 2007 Jeep Liberty and its component parts, including the driver-side occupant restraint system and/or driver-side seatbelt restraint system, was of merchantable quality and was fit for the ordinary purpose for such a vehicle and Ms. Mills relied upon on those statements when deciding to purchase the subject 2007 Jeep Liberty.

68. The subject 2007 Jeep Liberty and its component parts, including the driver-side seatbelt restraint system and/or occupant restraint system, was expected by Defendant Chrysler to reach and did reach the user or consumer without substantial change to the condition in which it was sold.

69. The subject 2007 Jeep Liberty's driver-side seatbelt restraint system and/or occupant restraint system was expected by Defendant TRW to reach and did reach the user or consumer without substantial change to the condition in which it was sold.

70. Ms. Mills was an individual who would be reasonably expected to use the subject 2007 Jeep Liberty and its component parts.

71. It was foreseeable to Defendants that the subject 2007 Jeep Liberty would and could be involved in a motor vehicle collision of the nature described herein.

72. As a direct and proximate result of the Defendants' conduct and their defective design, manufacture, warning and sale of the subject 2007 Jeep Liberty, Ms. Mills has suffered, and will continue to suffer into the future, economic losses and damages including, but not limited to, past and future medical and rehabilitative expenses, out-of-pocket expenses, lost past and future income, lost earning capacity, and damages for essential and household services.

73. As a direct and proximate result of Defendants' conduct and their defective design, manufacture, warning and sale of the subject 2007 Jeep Liberty, Ms. Mills has suffered past and future non-economic damages and losses including, but not limited to, physical and mental pain and suffering, inconvenience, mental anguish, emotional stress and loss of enjoyment of life.

74. As a direct and proximate result of Defendants' conduct and their defective design, manufacture, warning and sale of the subject 2007 Jeep Liberty, Ms. Mills has suffered damages for permanent physical disfigurement.

75. As a direct and proximate result of Defendants' conduct and their defective design, manufacture, warning and sale of the subject 2007 Jeep Liberty, Ms. Mills has suffered damages for permanent physical impairment.

## FIRST CLAIM FOR RELIEF—DEFENDANTS CHRYSLER, TRW and JOHN DOES
### (Products Liability—Design Defect)

76. Plaintiffs incorporate by reference the preceding paragraphs of this Complaint and Jury Demand as if fully set forth herein.

77. Defendants or their predecessors in interest have and do design, assemble, manufacture, sell, supply and distribute Jeep Liberty 4x4 sport utility vehicles directly or through their dealers and subsidiary companies to consumers throughout the world, including in the State of Colorado.

78. Through these activities, Defendants effectively placed the 2007 Jeep Liberty Ms. Mills was driving at the time of the subject collision into the stream of commerce.

79. The design of the 2007 Jeep Liberty Ms. Mills was driving at the time of the subject collision was defective because, among other reasons:

8

    a. The seatbelt restraint system allowed too much torso movement;

    b. The pretensioner on the seatbelt restraint system failed to fire;

    c. The driver-side airbag failed to deploy;

    d. It lacked adequate energy absorption above the main unibody rail, resulting in loss of compartment integrity upon collision.

80. Further, the safety restraint system in the vehicle was only designed to work adequately when all component parts were properly functioning, meaning that if any component failed, others were likely to do the same, further reducing its functionality and adequacy.

81. Defendant Chrysler is strictly liable to Plaintiffs for the injuries and damages suffered by Ms. Mills by:

    a. Designing, assembling, manufacturing, selling, supplying and distributing the subject 2007 Jeep Liberty in a defective and unreasonably dangerous condition;

    b. Designing, assembling, manufacturing, selling, supplying and distributing the subject 2007 Jeep Liberty that was not crashworthy;

    c. Designing, assembling, manufacturing, selling, supplying and distributing the subject 2007 Jeep Liberty with an occupant restraint system in a defective and unreasonably dangerous condition;

    d. Designing, assembling, manufacturing, selling, supplying and distributing the subject 2007 Jeep Liberty with a driver-side seatbelt restraint system in a defective and unreasonably dangerous condition;

    e. Designing, assembling, manufacturing, selling, supplying and distributing the subject 2007 Jeep Liberty with a driver-side seatbelt restraint system that was unreasonably dangerous to intended users;

    f. Designing, assembling, manufacturing, selling, supplying and distributing the subject 2007 Jeep Liberty with a driver-side seatbelt restraint system that was not safe for its intended uses and purposes;

    g. Designing, assembling, manufacturing, selling, supplying and distributing the subject 2007 Jeep Liberty with a driver-side occupant restraint system which lacked the necessary features to make it safe for its intended use and purpose so it would provide adequate crash protection;

    h. Designing, assembling, manufacturing, selling, supplying and distributing the subject 2007 Jeep Liberty and/or driver-side occupant restraint system which could have been designed more safely;

    i. Designing, assembling, manufacturing, selling, supplying and distributing the subject 2007 Jeep Liberty with an occupant restraint system that lacked adequate warnings;

    j. Misrepresenting the safety of the subject 2007 Jeep Liberty and/or its driver-side occupant restraint system;

    k. Failing to design, manufacture and sell the subject 2007 Jeep Liberty and/or the driver-side occupant restraint system and its component parts in a manner so as to render them safe for their intended purpose;

    l. Failing to design the subject 2007 Jeep Liberty's driver-side seatbelt restraint system to prevent injury of seat-belted occupants during a collision;

9

m.  Failing to design the subject 2007 Jeep Liberty's driver-side seatbelt restraint
system to prevent injury to occupants during foreseeable collisions;

n.  Failing to adequately test the subject 2007 Jeep Liberty's seatbelt systems to
determine whether they provided reasonably adequate protection in reasonably
foreseeable vehicle collisions;

o.  Failure to warn that the subject 2007 Jeep Liberty's seatbelt system may not restrain
the occupant in a collision;

p.  Failing to properly design the seatbelt restraint system that would property restrain
occupants, such as Ms. Mills, during reasonably foreseeable collisions;

q.  Failing to properly design the subject 2007 Jeep Liberty with reasonable energy
absorption that would properly displace energy and protect occupants, such as Ms.
Mills, during reasonably foreseeable collisions;

r.  Failing to apply restraint forces to the appropriate areas of Ms. Mills' anatomy in a
reasonably foreseeable collision to eliminate and/or minimize injury;

s.  Failing to design and manufacture the subject 2007 Jeep Liberty with adequate
interior padding to minimize injury to occupants in the vehicle during reasonably
foreseeable collisions;

t.  Designing and selling the subject 2007 Jeep Liberty that lacked elements necessary
to make it safe for its intended use;

u.  Designing and selling the subject 2007 Jeep Liberty that contained elements that
made it unsafe for its intended use;

v.  Designing, manufacturing and selling the subject 2007 Jeep Liberty with a driver-
side seatbelt restraint system that lacked a pretensioner application that remained
locked with belt tension regardless of motion;

w.  Designing, manufacturing and selling the subject 2007 Jeep Liberty without
integrated seatbelts into the seats; and

x.  Designing, manufacturing and selling the subject 2007 Jeep Liberty with a driver-
side seatbelt restraint system that permits intermittent release of webbing in a
reasonably foreseeable collision.

82. Defendant TRW is strictly liable to Plaintiffs for the injuries and damages suffered by Ms.
Mills by:

a.  Designing, assembling, manufacturing, selling, supplying and distributing the
driver-side seatbelt restraint system in the subject 2007 Jeep Liberty in a defective
and unreasonably dangerous condition;

b.  Designing, assembling, manufacturing, selling, supplying and distributing the
driver-side seatbelt restraint system in the subject 2007 Jeep Liberty that was not
crashworthy;

c.  Designing, assembling, manufacturing, selling, supplying and distributing the
subject 2007 Jeep Liberty's occupant restraint system in a defective and
unreasonably dangerous condition;

d.  Designing, assembling, manufacturing, selling, supplying and distributing the
driver-side seatbelt restraint system in the subject 2007 Jeep Liberty that as
unreasonably dangerous to intended users;

10

e. Designing, assembling, manufacturing, selling, supplying and distributing the driver-side seatbelt restraint system in the subject 2007 Jeep Liberty that was not safe for its intended uses and purpose;

f. Designing, assembling, manufacturing, selling, supplying and distributing the driver-side seatbelt restraint system in the subject 2007 Jeep Liberty which lacked the necessary features to make it safe for its intended use and purpose so that it would provide adequate crash protection;

g. Designing, assembling, manufacturing, selling, supplying and distributing the driver-side seatbelt restraint system in the subject 2007 Jeep Liberty which could have been designed more safely;

h. Designing, assembling, manufacturing, selling, supplying and distributing the driver-side seatbelt restraint system in the subject 2007 Jeep Liberty that lacked adequate warnings;

i. Misrepresenting the safety of the subject 2007 Jeep Liberty's driver-side seatbelt restraint system and/or occupant restraint system;

j. Failing to design, manufacture and sell the subject 2007 Jeep Liberty's driver-side occupant restraint system and its component parts in a manner so as to render them safe for their intended purpose by providing a safe and adequate occupant protection system;

k. Failing to design the subject 2007 Jeep Liberty's seatbelt restraint system to prevent injuries in reasonably foreseeable vehicle collision;

l. Failing to design the subject 2007 Jeep Liberty's seatbelt restraint system to prevent injuries to seat-belted occupants during reasonably foreseeable collisions;

m. Failure to test its seatbelt systems to determine whether they provided reasonably adequate protection in reasonably foreseeable vehicle collisions;

n. Failure to warn that the seatbelt system in the subject 2007 Jeep Liberty may not adequately restrain an occupant during a reasonably foreseeable collision;

o. Failure to provide sufficient warnings as to the reasonably foreseeable dangers involved in the use or operation of the subject 2007 Jeep Liberty's driver-side seatbelt restraint system;

p. Misrepresenting the safety of the subject 2007 Jeep Liberty occupant restraint system and/or seatbelt restraint system;

q. Designing, manufacturing and/or distributing certain component parts of the subject 2007 Jeep Liberty, including certain safety devices known as occupant restraint systems, including seatbelt restraint systems, which were improperly designed, manufactured, distributed, installed or maintained;

r. Failing to apply restraint forces to the appropriate areas of Ms. Mills' anatomy in a reasonably foreseeable collision to eliminate and/or minimize injury;

s. Designing, manufacturing and selling the driver-side seatbelt restraint system that was incorporated into the subject 2007 Jeep Liberty that lacked a pretensioner application that remained locked with belt tension regardless of motion;

t. Designing, manufacturing and selling the driver-side seatbelt restraint system that was incorporated into the subject 2007 Jeep Liberty that lacked an integrated seat application that would give ideal over-the-shoulder belt geometry and incorporate a retractor for best comfort and robust lockup in all seatback incline angles; and

u.  Designing, manufacturing and selling the driver-side seatbelt restraint system incorporated into the subject 2007 Jeep Liberty that permits intermittent release of webbing in a collision.

83. Defendants knew or should have known that the subject 2007 Jeep Liberty, and its occupant restraint system, was defective, unreasonably dangerous, unsafe and not crashworthy.

84. Defendants knew or should have known through the exercise of reasonable care that the subject 2007 Jeep Liberty was not crashworthy and that motorists such as Ms. Mills would be exposed to dangers and defects contained in the vehicle during the ordinary and foreseeable use of the vehicle.

85. Defendants intentionally and recklessly withheld from the design of the subject 2007 Jeep Liberty an occupant restraint system and energy absorption design that would have provided greater protection to consumers involved in reasonably foreseeable vehicle collisions.

86. As a direct and proximate result of the Defendants' defective design of the subject 2007 Jeep Liberty and their placement of it into the stream of commerce, Ms. Mills sustained the past and future injuries, damages and losses described herein, the amounts of which will be proven at trial.

## SECOND CLAIM FOR RELIEF—DEFENDANTS CHRYSLER, TRW and JOHN DOES
### (Product Liability—Manufacturing Defect)

87. Plaintiffs incorporate by reference the preceding paragraphs of this Complaint and Jury Demand as if fully set forth herein.

88. Defendants or their predecessors in interest have and do design, assemble, manufacture, sell, supply and distribute Jeep Liberty 4x4 sport utility vehicles directly or through their dealers and subsidiary companies to consumers throughout the world, including in the State of Colorado.

89. Through these activities, Defendants effectively placed the 2007 Jeep Liberty Ms. Mills was driving at the time of the subject collision into the stream of commerce.

90. The 2007 Jeep Liberty Ms. Mills was driving at the time of the subject collision was defective by virtue of its manufacture and is an unreasonably dangerous product.

91. The manufacture of the 2007 Jeep Liberty Ms. Mills was driving at the time of the subject collision was defective because:

a.  Its airbag was installed in such a way that it failed to deploy upon collision;
b.  The seatbelt restraint system was manufactured in such a way that it allowed too much torso movement upon collision;
c.  The seatbelt restraint system was manufactured in such a way that its pretensioner failed to fire upon collision;

12

    d.  The structure of the vehicle was manufactured in such a way that it failed to adequately displace impact energy upon collision, compromising compartment integrity.

92. Defendant Chrysler is strictly liable to Plaintiffs for the injuries and damages suffered by Ms. Mills by:

    a.  Designing, assembling, manufacturing, selling, supplying and distributing the subject 2007 Jeep Liberty in a defective and unreasonably dangerous condition;

    b.  Designing, assembling, manufacturing, selling, supplying and distributing the subject 2007 Jeep Liberty that was not crashworthy;

    c.  Designing, assembling, manufacturing, selling, supplying and distributing the subject 2007 Jeep Liberty with an occupant restraint system in a defective and unreasonably dangerous condition;

    d.  Designing, assembling, manufacturing, selling, supplying and distributing the subject 2007 Jeep Liberty with a driver-side seatbelt restraint system in a defective and unreasonably dangerous condition;

    e.  Designing, assembling, manufacturing, selling, supplying and distributing the subject 2007 Jeep Liberty with a driver-side seatbelt restraint system that was unreasonably dangerous to intended users;

    f.  Designing, assembling, manufacturing, selling, supplying and distributing the subject 2007 Jeep Liberty with a driver-side seatbelt restraint system that was not safe for its intended uses and purposes;

    g.  Designing, assembling, manufacturing, selling, supplying and distributing the subject 2007 Jeep Liberty with a driver-side occupant restraint system which lacked the necessary features to make it safe for its intended use and purpose so it would provide adequate crash protection;

    h.  Designing, assembling, manufacturing, selling, supplying and distributing the subject 2007 Jeep Liberty and/or driver-side occupant restraint system which could have been designed more safely;

    i.  Designing, assembling, manufacturing, selling, supplying and distributing the subject 2007 Jeep Liberty with an occupant restraint system that lacked adequate warnings;

    j.  Misrepresenting the safety of the subject 2007 Jeep Liberty and/or its driver-side occupant restraint system;

    k.  Failing to design, manufacture and sell the subject 2007 Jeep Liberty and/or the driver-side occupant restraint system and its component parts in a manner so as to render them safe for their intended purpose;

    l.  Failing to design the subject 2007 Jeep Liberty's driver-side seatbelt restraint system to prevent injury of seat-belted occupants during a collision;

    m.  Failing to design the subject 2007 Jeep Liberty's driver-side seatbelt restraint system to prevent injury to occupants during foreseeable collisions;

    n.  Failing to adequately test the subject 2007 Jeep Liberty's seatbelt systems to determine whether they provided reasonably adequate protection in reasonably foreseeable vehicle collisions;

    o.  Failure to warn that the subject 2007 Jeep Liberty's seatbelt system may not restrain the occupant in a collision;

p.  Failing to properly design the seatbelt restraint system that would property restrain occupants, such as Ms. Mills, during reasonably foreseeable collisions;

q.  Failing to properly design the subject 2007 Jeep Liberty with reasonable energy absorption that would properly displace energy and protect occupants, such as Ms. Mills, during reasonably foreseeable collisions;

r.  Failing to apply restraint forces to the appropriate areas of Ms. Mills' anatomy in a reasonably foreseeable collision to eliminate and/or minimize injury;

s.  Failing to design and manufacture the subject 2007 Jeep Liberty with adequate interior padding to minimize injury to occupants in the vehicle during reasonably foreseeable collisions;

t.  Designing and selling the subject 2007 Jeep Liberty that lacked elements necessary to make it safe for its intended use;

u.  Designing and selling the subject 2007 Jeep Liberty that contained elements that made it unsafe for its intended use;

v.  Designing, manufacturing and selling the subject 2007 Jeep Liberty with a driver-side seatbelt restraint system that lacked a pretensioner application that remained locked with belt tension regardless of motion;

w.  Designing, manufacturing and selling the subject 2007 Jeep Liberty without integrated seatbelts into the seats; and

x.  Designing, manufacturing and selling the subject 2007 Jeep Liberty with a driver-side seatbelt restraint system that permits intermittent release of webbing in a reasonably foreseeable collision.

93. Defendant TRW is strictly liable to Plaintiffs for the injuries and damages suffered by Ms. Mills by:

a.  Designing, assembling, manufacturing, selling, supplying and distributing the driver-side seatbelt restraint system in the subject 2007 Jeep Liberty in a defective and unreasonably dangerous condition;

b.  Designing, assembling, manufacturing, selling, supplying and distributing the driver-side seatbelt restraint system in the subject 2007 Jeep Liberty that was not crashworthy;

c.  Designing, assembling, manufacturing, selling, supplying and distributing the subject 2007 Jeep Liberty's occupant restraint system in a defective and unreasonably dangerous condition;

d.  Designing, assembling, manufacturing, selling, supplying and distributing the driver-side seatbelt restraint system in the subject 2007 Jeep Liberty that as unreasonably dangerous to intended users;

e.  Designing, assembling, manufacturing, selling, supplying and distributing the driver-side seatbelt restraint system in the subject 2007 Jeep Liberty that was not safe for its intended uses and purpose;

f.  Designing, assembling, manufacturing, selling, supplying and distributing the driver-side seatbelt restraint system in the subject 2007 Jeep Liberty which lacked the necessary features to make it safe for its intended use and purpose so that it would provide adequate crash protection;

14

g.   Designing, assembling, manufacturing, selling, supplying and distributing the driver-side seatbelt restraint system in the subject 2007 Jeep Liberty which could have been designed more safely;

h.   Designing, assembling, manufacturing, selling, supplying and distributing the driver-side seatbelt restraint system in the subject 2007 Jeep Liberty that lacked adequate warnings;

i.   Misrepresenting the safety of the subject 2007 Jeep Liberty's driver-side seatbelt restraint system and/or occupant restraint system;

j.   Failing to design, manufacture and sell the subject 2007 Jeep Liberty's driver-side occupant restraint system and its component parts in a manner so as to render them safe for their intended purpose by providing a safe and adequate occupant protection system;

k.   Failing to design the subject 2007 Jeep Liberty's seatbelt restraint system to prevent injuries in reasonably foreseeable vehicle collision;

l.   Failing to design the subject 2007 Jeep Liberty's seatbelt restraint system to prevent injuries to seat-belted occupants during reasonably foreseeable collisions;

m.   Failure to test its seatbelt systems to determine whether they provided reasonably adequate protection in reasonably foreseeable vehicle collisions;

n.   Failure to warn that the seatbelt system in the subject 2007 Jeep Liberty may not adequately restrain an occupant during a reasonably foreseeable collision;

o.   Failure to provide sufficient warnings as to the reasonably foreseeable dangers involved in the use or operation of the subject 2007 Jeep Liberty's driver-side seatbelt restraint system;

p.   Misrepresenting the safety of the subject 2007 Jeep Liberty occupant restraint system and/or seatbelt restraint system;

q.   Designing, manufacturing and/or distributing certain component parts of the subject 2007 Jeep Liberty, including certain safety devices known as occupant restraint systems, including seatbelt restraint systems, which were improperly designed, manufactured, distributed, installed or maintained;

r.   Failing to apply restraint forces to the appropriate areas of the Ms. Mills' anatomy in a reasonably foreseeable collision to eliminate and/or minimize injury;

s.   Designing, manufacturing and selling the driver-side seatbelt restraint system that was incorporated into the subject 2007 Jeep Liberty that lacked a pretensioner application that remained locked with belt tension regardless of motion;

t.   Designing, manufacturing and selling the driver-side seatbelt restraint system that was incorporated into the subject 2007 Jeep Liberty that lacked an integrated seat application that would give ideal over-the-shoulder belt geometry and incorporate a retractor for best comfort and robust lockup in all seatback incline angles; and

u.   Designing, manufacturing and selling the driver-side seatbelt restraint system incorporated into the subject 2007 Jeep Liberty that permits intermittent release of webbing in a collision.

94.   Defendants intentionally and recklessly withheld from the manufacture of the subject 2007 Jeep Liberty an occupant restraint system and energy absorption design that would have provided greater protection to consumers involved in reasonably foreseeable vehicle collisions.

15

95. As a direct and proximate result of the Defendants' defective manufacture of the subject 2007 Jeep Liberty and their placement of it into the stream of commerce, Ms. Mills sustained the past and future injuries, damages and losses described herein, the amounts of which will be proven at trial.

## THIRD CLAIM FOR RELEIF—ALL DEFENDANTS
### (Products Liability—Failure to Warn)

96. Plaintiffs incorporate by reference the preceding paragraphs of this Complaint and Jury Demand as if fully set forth herein.

97. Defendants or their predecessors in interest have and do design, assemble, manufacture, sell, supply and distribute Jeep Liberty 4x4 sport utility vehicles directly or through their dealers and subsidiary companies to consumers throughout the world, including in the State of Colorado.

98. Through these activities, Defendants effectively placed the 2007 Jeep Liberty Ms. Mills was driving at the time of the subject collision into the stream of commerce.

99. As further described herein, the 2007 Jeep Liberty Ms. Mills was driving at the time of the subject collision was both defectively designed and manufactured by Defendants and was an unreasonably dangerous product.

100.    Further, the 2007 Jeep Liberty Ms. Mills was driving at the time of the subject collision was rendered even more dangerous by virtue of Defendants' failure to warn Ms. Mills of the defective design and manufacture of the vehicle.

101.    Defendants never warned Ms. Mills that the driver-side airbag wouldn't deploy upon collision.

102.    Defendants never warned Ms. Mills that the pretensioner on the seatbelt restraint system wouldn't fire upon collision.

103.    Defendants never warned Ms. Mills that the seatbelt restraint system would only function properly if all component systems were working as intended or, because of this, that the vehicle did not truly contain redundant safety measures in the restraint system.

104.    Defendants never warned Ms. Mills that the subject 2007 Jeep Liberty did not have adequate energy absorption above the main unibody rail that would properly displace energy in the event of a crash and protect occupant compartment integrity.

105.    The 2007 Jeep Liberty Ms. Mills was driving at the time of the subject collision was rendered defective by virtue of Defendants' failure to provide the warnings described herein.

106.    As a direct and proximate result of the Defendants' defective manufacture, design and warning of the subject 2007 Jeep Liberty and their placement of it into the stream of

16

commerce, Ms. Mills sustained the past and future injuries, damages and losses described herein, the amounts of which will be proven at trial.

## **FOURTH CLAIM FOR RELIEF—ALL DEFENDANTS**
### **(Negligence)**

107.    Plaintiffs incorporate by reference the preceding paragraphs of this Complaint and Jury Demand as if fully set forth herein.

108.    Defendants owed Ms. Mills a duty of care to reasonably and prudently design the subject 2007 Jeep Liberty 4x4.

109.    Defendants owed Ms. Mills a duty of care to reasonably and prudently manufacture the subject 2007 Jeep Liberty 4x4.

110.    Defendants owed Ms. Mills a duty of care to reasonably and prudently provide her with proper warnings regarding the subject 2007 Jeep Liberty 4x4's design and/or manufacturing defects and limitations.

111.    Defendants owed Ms. Mills a duty of care to only sell her vehicles which have been reasonably and prudently designed and manufactured and do not constitute an unreasonably dangerous product.

112.    Defendants breached the legal duty of care owed to Ms. Mills by failing to reasonably or prudently design, manufacture, and warn about the subject 2007 Jeep Liberty 4x4.

113.    Defendants breached the legal duty of care owed to Ms. Mills by selling her an unreasonably and imprudently designed and manufactured vehicle.

114.    Defendants breached the legal duty of care owed to Ms. Mills by selling her a vehicle that was unreasonably dangerous.

115.    Defendant Chrysler and/or its agents, servants or employees were negligent in the manufacture, design, assembly, distribution and sale of the 2007 Jeep Liberty Ms. Mills was driving at the time of the subject collision by:

    a.  Failing to design, manufacture and sell the subject 2007 Jeep Liberty and/or the driver-side occupant restraint system and its component parts in a manner so as to render them safe for their intended purpose by providing adequate occupant protection during a reasonably foreseeable collision;

    b.  Failing to design the subject 2007 Jeep Liberty's seatbelt restraint system so as to prevent injuries to seat-belted occupants during reasonably foreseeable collisions;

    c.  Failure to test the subject 2007 Jeep Liberty and its component parts to ensure it provided reasonable and adequate protection in the event of a reasonably foreseeable collision;

17

d. Failing to warn consumers that the subject 2007 Jeep Liberty and its component parts may not provide reasonable and adequate protection in the event of a reasonably foreseeable collision;

e. Misrepresenting the safety of the subject 2007 Jeep Liberty, including the driver-side seatbelt restraint system;

f. Failing to exercise due and reasonable care under the circumstances in view of the foreseeable dangers and foreseeable accidents and injuries that could occur as a result of using or operating the subject 2007 Jeep Liberty and/or wearing the driver-side seatbelt system;

g. Designing, manufacturing and/or distributing certain component parts of the subject 2007 Jeep Liberty, including certain safety devices known as occupant restrain systems, which include seatbelt restraint systems, which were improperly designed, manufactured, distributed, installed and maintained;

h. Failing to apply restraint forces to the appropriate areas of Ms. Mills' anatomy in a reasonably foreseeable collision to eliminate and/or minimize injury;

i. Failing to design and manufacture the subject 2007 Jeep Liberty with adequate interior padding to minimize injury to occupants in the event of a reasonably foreseeable collision;

j. Failing to prevent Ms. Mills from being injured in the subject collision;

k. Designing, manufacturing, inspecting, testing, assembling, advertising, formulating warnings for, distributing and selling a vehicle with a defective occupant compartment, in that, during the course of a reasonably foreseeable collision, occupants of the vehicle were not adequately restrained and contained in the occupant compartment so as to prevent injury;

l. Designing, manufacturing, inspecting, testing, assembling, advertising, formulating warnings for, distributing, and selling a vehicle with a defective occupant restraint system, in that, during the course of a reasonably foreseeable collision, occupants of the vehicle were not adequately restrained and contained in the occupant compartment so as to prevent injury;

m. Designing, manufacturing, inspecting, testing, assembling, advertising, formulating warnings for, distributing, and selling a vehicle with a defect, in that, during the course of a reasonably foreseeable collision, the vehicle did not adequately or reasonably displace the energy from the collision so as to prevent or minimize injury to occupants;

n. Failing to equip the subject 2007 Jeep Liberty driver-side seatbelt restraint system with a pretensioner application that remained locked with belt tension regardless of motion;

o. Failing to equip the subject 2007 Jeep Liberty with integrated seatbelts into the seat;

p. Manufacturing and selling the subject 2007 Jeep Liberty with a driver-side seatbelt restraint system that permits intermittent release of webbing.

116.    Defendant TRW and/or its agents, servants or employees were negligent in the manufacture, design, assembly, distribution and sale of the 2007 Jeep Liberty Ms. Mills was driving at the time of the subject collision by:

a. Failing to design, manufacture, and sell the subject 2007 Jeep Liberty driver-side occupant restraint system and its component parts in a manner so as to render them

18

safe for their intended purpose by providing a safe and adequate occupant protection system;

b. Failing to design the subject 2007 Jeep Liberty seatbelt restraint system to prevent injury in a reasonably foreseeable collision;

c. Failing to test its seatbelt restraint systems to determine whether they provided reasonably adequate protection in reasonably foreseeable vehicle collisions;

d. Failing to warn consumers that the seatbelt restraint system in the subject 2007 Jeep Liberty may not adequately restrain occupants in a reasonably foreseeable collision;

e. Designing, manufacturing and selling the subject 2007 Jeep Liberty seatbelt restraint system without providing a safe and adequate occupant crash protection system to keep the driver properly restrained and protected in a reasonably foreseeable collision;

f. Failing to provide sufficient warnings as to the reasonably foreseeable dangers involved in the intended use and operation of the subject 2007 Jeep Liberty driver-side seatbelt restraint system;

g. Misrepresenting the safety of the subject 2007 Jeep Liberty driver-side seatbelt restraint system;

h. Failing to exercise due and reasonable care under the circumstances in view of the foreseeable dangers and foreseeable accidents and injuries that could occur as a result of using or operating the subject 2007 Jeep Liberty and/or wearing the driver-side seatbelt restraint system;

i. Designing, manufacturing and/or distributing certain component parts of the subject 2007 Jeep Liberty, including certain safety devices known as occupant restraint systems, including seatbelt restraint systems, which were improperly designed, manufactured, distributed, installed or maintained;

j. Failing to properly design the seatbelt restraint system on the subject 2007 Jeep Liberty, allowing and permitting injury to Ms. Mills during a reasonably foreseeable collision;

k. Failing to apply restraint forces to the appropriate areas of Ms. Mills' anatomy in a foreseeable collision to eliminate and/or minimize injury;

l. Designing, manufacturing, inspecting, testing, assembling, advertising, formulating warnings for, distributing and selling a vehicle with a defective occupant restraint system, in that, during the course of a reasonably foreseeable collision, occupants of the vehicle were not adequately restrained and contained in the occupant compartment so as to prevent injury;

m. Designing, manufacturing and selling the driver-side seatbelt restraint system that was incorporated into the subject 2007 Jeep Liberty that lacked a pretensioner application that remained locked with belt tension regardless of motion;

n. Designing, manufacturing and selling the driver-side seatbelt restraint system that was incorporated into the subject 2007 Jeep Liberty that lacked an integrated seat application that will give ideal over-the-shoulder belt geometry and incorporate a retractor for best comfort and robust lockup in all seatback incline angles; and

o. Designing, manufacturing and selling the driver-side seatbelt restraint system that was incorporated into the subject 2007 Jeep Liberty that permits intermittent release of webbing.

19

117.  Defendant EMI and/or its agents, servants or employees were negligent in the sale of the 2007 Jeep Liberty Ms. Mills was driving at the time of the subject collision because at the time the vehicle was sold it constituted an unreasonably dangerous product.

118.  Defendant EMI and/or its agents, servants or employees were negligent in the sale of the 2007 Jeep Liberty Ms. Mills was driving at the time of the subject collision because it failed to provide Ms. Mills with adequate and reasonable warnings regarding the dangerous nature of the vehicle.

119.  Defendant EMI and/or its agents, servants or employees were negligent in the sale of the 2007 Jeep Liberty Ms. Mills was driving at the time of the subject collision because it failed to provide Ms. Mills with adequate and reasonable warnings regarding the defective nature of the vehicle.

120.  The conduct described above constitutes negligence.

121.  Defendants ignored their own knowledge regarding the defects alleged herein to have existed in the subject 2007 Jeep Liberty and the propensity those defects had to lead to serious personal injury or death of consumers.

122.  Defendants ignored their own testing, field data and studies which demonstrated the defects alleged herein to have existed in the subject 2007 Jeep Liberty and chose to market and sell the subject vehicle to the American public in reckless disregard of these known defects and the dangers of personal injury and death they posed.

123.  Defendants intentionally and recklessly withheld from the design and manufacture of the subject 2007 Jeep Liberty an occupant restraint system and energy absorption design that would have provided greater protection to consumers involved in reasonably foreseeable vehicle collisions.

124.  As a direct and proximate result of the Defendants' negligent conduct and defective design, manufacture, warning and sale of the subject 2007 Jeep Liberty and their placement of it into the stream of commerce, Ms. Mills sustained the past and future injuries, damages and losses described herein, the amounts of which will be proven at trial.

## FIFTH CLAIM FOR RELIEF—ALL DEFENDANTS
### (Breach of Implied Warranty)

125.  Plaintiffs incorporate by reference the preceding paragraphs of this Complaint and Jury Demand as if fully set forth herein.

126.  Ms. Mills, as a retail consumer and driving-occupant, was a foreseeable and reasonably-expected user of the subject 2007 Jeep Liberty.

127.  Defendants impliedly warranted that the subject 2007 Jeep Liberty was of merchantable quality and safe.

20

128.    Ms. Mills relied on the implied warranty of Defendants that the subject 2007 Jeep Liberty was of merchantable quality and safe.

129.    The subject 2007 Jeep Liberty was not of merchantable quality, in that its structural frame could not withstand forces that it would foreseeably have applied to it during routine traffic collisions and would cause severe injuries to users, including occupants.

130.    The subject 2007 Jeep Liberty was not of merchantable quality, in that its seatbelt restraint system and airbags would not work when put to their intended use and would cause severe injuries to users, including occupants.

131.    The subject 2007 Jeep Liberty was not of merchantable quality, in that its occupant restraint system would not work when put to its intended use and would cause severe injuries to users, including occupants.

132.    Defendants breached their implied warranty to Ms. Mills because the subject 2007 Jeep Liberty was not safe, stable, or crashworthy, nor was it of merchantable quality or fit for the purposes for which it was intended to be used.

133.    As a direct and proximate result of the Defendants' breach of these implied warranties and their defective design, manufacture, warning and sale of the subject 2007 Jeep Liberty and their placement of it into the stream of commerce, Ms. Mills sustained the past and future injuries, damages and losses described herein, the amounts of which will be proven at trial.

## SIXTH CLAIM FOR RELIEF—ALL DEFENDANTS
### (Breach of Express Warranty)

134.    Plaintiffs incorporate by reference the preceding paragraphs of this Complaint and Jury Demand as if fully set forth herein.

135.    Ms. Mills, as a retail consumer and driving-occupant, was a foreseeable and reasonably-expected user of the subject 2007 Jeep Liberty.

136.    Defendants expressly-warranted that the subject 2007 Jeep Liberty was safe, effective, crashworthy, and fit and proper for the use for which it was intended.

137.    Ms. Mills reasonably relied on the express warranties made by Defendants that the subject 2007 Jeep Liberty was safe, effective, crashworthy, and fit and proper for the use for which it was intended.

138.    The express warranties made by Defendants were untrue and false in that the subject 2007 Jeep Liberty was not safe, effective, crashworthy, or fit and proper for the use for which it was intended.

139.    The subject 2007 Jeep Liberty was not safe, effective, crashworthy, fit or proper for the use for which it was intended, in that its structural frame could not withstand forces

21

that it would foreseeably have applied to it during routine traffic collisions and would cause severe injuries to users, including occupants.

140.    The subject 2007 Jeep Liberty was not safe, effective, crashworthy, fit or proper for the use for which it as intended, in that its seatbelt restraint system and airbags would not work when put to their intended use and would cause severe injuries to users, including occupants.

141.    The subject 2007 Jeep Liberty was not safe, effective, crashworthy, fit or proper for the use for which it was intended, in that its occupant restraint system would not work when put to its intended use and would cause severe injuries to users, including occupants.

142.    As a direct and proximate result of the Defendants' breach of these express warranties and their defective design, manufacture, warning and sale of the subject 2007 Jeep Liberty and their placement of it into the stream of commerce, Ms. Mills sustained the past and future injuries, damages and losses described herein, the amounts of which will be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against the Defendants, and each of them, and for relief as follows:

1.  Economic damages and losses suffered by Ms. Mills including, but not limited to, past and future medical and rehabilitation expenses, out-of-pocket expenses, damages for lost earning capacity, lost past and future wages, and damages for essential and household services;

2.  Non-economic damages and losses suffered by Ms. Mills including, but not limited to, physical and mental pain and suffering, inconvenience, mental anguish, emotional stress and loss of enjoyment of life;

3.  Damages for permanent physical disfigurement suffered by Ms. Mills;

4.  Damages for permanent physical impairment suffered by Ms. Mills;

5.  All other compensatory damages caused by Defendants' actions, inactions and conduct, to be proven at trial;

6.  Pre-judgment and post-judgment interest as provided for by law;

7.  Attorney fees, costs and expenses of this action, all as provided for by law; and

8.  For such further and other relief as the Court deems just, reasonable and proper.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this14th day of June, 2018.

**WHALEN HERSH, LLP**

(Original signature on file at
  Whalen Hersh, LLP )


By: /s/ Graham D. Hersh _____
     Reeves D. Whalen
     Graham D. Hersh

**<u>Plaintiffs' Address</u>**
9866 Milwaukee Street
Thornton, Colorado 80229

District Court Arapahoe County, Colorado
Court Address:
Arapahoe County Justice Center
7325 S. Potomac St.
Englewood, Colorado 80112
(303) 649-6355

DATE FILED: June 14, 2018 5:41 PM
FILING ID: D2718187B7B88
CASE NUMBER: 2018CV31421

Plaintiff(s): SHIRON MILLS, *et al.*

v.

Defendant(s): FCA US, L.L.C., *et al.*

▲  **COURT USE ONLY**  ▲

| Attorney or Party Without Attorney (Name and Address): | Case Number: |
|---|---|
| Name: Reeves D. Whalen, Reg. No. 40189<br>Graham D. Hersh, Reg. No. 48485<br>Attorneys: Plaintiff<br>Address: Whalen Hersh, LLP<br>7955 E. Arapahoe Court, Ste. 2375<br>Centennial, Colorado, 80112<br>Phone No.: (720) 307-2666<br>Fax No.: Declined pursuant to C.R.C.P. 5(b)<br>E-Mail: rwhalen@whalenhersh.com<br>ghersh@whalenhersh.com | Division        Courtroom |

**DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT**

1. **This cover sheet shall be filed with each pleading containing an initial claim for relief in every district court civil (CV) case, and shall be served on all parties along with the pleading.** It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. **Check one of the following:**

   ☐ This case is governed by C.R.C.P. 16.1 because:

   - The case is not a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding; *AND*

   - A monetary judgment over $100,000 is not sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

   ☑ This case is not governed by C.R.C.P. 16.1 because (check ALL boxes that apply):

   ☐ The case is a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding.

   ☑ A monetary judgment over $100,000 is sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

FCA Notice of Removal
Exhibit A-2 (page 1 of 2)

❑Another party has previously indicated in a Case Cover Sheet that the simplified procedure under C.R.C.P. 16.1 does not apply to the case.

*NOTE: In any case to which C.R.C.P. 16.1 does not apply, the parties may elect to use the simplified procedure by separately filing a Stipulation to be governed by the rule within 49 days of the at-issue date. See C.R.C.P. 16.1(e). In any case to which C.R.C.P. 16.1 applies, the parties may opt out of the rule by separately filing a Notice to Elect Exclusion (JDF 602) within 35 days of the at-issue date. See C.R.C.P. 16.1(d).*

❑A Stipulation or Notice with respect to C.R.C.P. 16.1 has been separately filed with the Court, indicating:

❑C.R.C.P. 16.1 applies to this case.

❑C.R.C.P. 16.1 does not apply to this case.

**3.** ☑This party makes a **Jury Demand** at this time and pays the requisite fee. *See* C.R.C.P. 38. (Checking this box is optional.)

☑ By checking this box, I am acknowledging I am filling in the blanks and not changing anything else on the form.

❑ By checking this box, I am acknowledging that I have made a change to the original content of this form.

Date: _June 14, 2018_____        __/s/Graham D. Hersh_____
                                            Signature of Party or Attorney for Party

FCA Notice of Removal
Exhibit A-2 (page 2 of 2)

| | |
|---|---|
| DISTRICT COURT, COUNTY OF ARAPAHOE, STATE OF COLORADO<br><br>Arapahoe County Justice Center<br>7325 S. Potomac St.<br>Englewood, Colorado 80112<br>(303) 649-6355 | DATE FILED: June 14, 2018 5:41 PM<br>FILING ID: D2718187B7B88<br>CASE NUMBER: 2018CV31421 |
| **Plaintiffs**:<br>SHIRON MILLS and MARVELET RANDOLPH, as next friend and POA of SHIRON MILLS,<br><br>v.<br><br>**Defendants**:<br>FCA US, L.L.C. F/K/A CHRYSLER GROUP L.L.C., ZF TRW AUTOMOTIVE HOLDINGS CORP. F/K/A TRW AUTOMOTIVE HOLDINGS CORP., TRW AUTOMOTIVE, INC., TRW VEHICLE SAFETY SYSTEMS, INC., ENGLEWOOD MOTORS, INC. D/B/A EMI AUTOMOTIVE GROUP and JOHN DOE CORPORATIONS 1 THORUGH 10. | ▲COURT USE ONLY▲ |
| **ATTORNEYS:**<br>Name:     Reeves D. Whalen, Reg. No. 40189<br>             Graham D. Hersh, Reg. No. 48485<br>Attorneys:  Plaintiff<br>Address:   Whalen Hersh, LLP<br>             7955 E. Arapahoe Court, Ste. 2375<br>             Centennial, Colorado, 80112<br>Phone No.: (720) 307-2666<br>Fax No.:   Declined pursuant to C.R.C.P. 5(b)<br>E-Mail:    rwhalen@whalenhersh.com<br>             ghersh@whalenhersh.com | Case No.<br><br>Ctrm./Div. |
| **DISTRICT COURT CIVIL SUMMONS** | |

**TO THE ABOVE-NAMED DEFENDANT:**    **ENGLEWOOD MOTORS, INC.**
**C/O GARY A. LEISY**
**4959 S. Broadway**
**Englewood, Colorado 80113**

      YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court an answer or other response to the attached Complaint and Jury Demand. If service of the Summons

and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

The following documents are served with this Summons: District Court Civil Case Cover Sheet; Complaint and Jury Demand.

Respectfully submitted this 14th day of June, 2018.

**WHALEN HERSH, LLP**

(Original signature on file at
Whalen Hersh, LLP )

By: /s/ Graham D. Hersh_____
Reeves D. Whalen
Graham D. Hersh
*Attorneys for Plaintiff*

This summons is issued pursuant to Rule 4, C.R.C.P. as amended. A copy of the complaint must be served with the summons. This form should not be used where service by publication is desired.

**WARNING:** A VALID SUMMONS MAY BE ISSUED BY A LAWYER AND IT NEED NOT CONTAIN A COURT CASE NUMBER, THE SIGNATURE OF A COURT OFFICER, OR A COURT SEAL. THE PLAINTIFF HAS 14 DAYS FROM THE DATE THIS SUMMONS WAS SERVED ON YOU TO FILE THE CASE WITH THE COURT. YOU ARE RESPONSIBLE FOR CONTACTING THE COURT TO FIND OUT WHETHER THE CASE HAS BEEN FILED AND OBTAIN THE CASE NUMBER. IF THE PLAINTIFF FILES THE CASE WITHIN THIS TIME, THEN YOU MUST RESPOND AS EXPLAINED IN THIS SUMMONS. IF THE PLAINTIFF FILES MORE THAN 14 DAYS AFTER THE DATE THE SUMMONS WAS SERVED ON YOU, THE CASE MAY BE DISMISSED UPON MOTION AND YOU MAY BE ENTITLED TO SEEK ATTORNEY FEES FROM THE PLAINTIFF.

TO THE CLERK: If the summons is issued by the clerk of the court, the signature block for the clerk or deputy should be provided by stamp, or typewriter, in the space to the left of the attorney's name.

THIS PLEADING WAS FILED WITH THE COURT THROUGH
THE ICCES ELECTRONIC FILING PROCEDURES, UNDER

FCA Notice of Removal
Exhibit A-3 (page 2 of 3)

C.R.C.P. 121(C), § 1-26.

AS REQUIRED BY THOSE RULES, THE ORIGINAL SIGNED COPY OF THIS
PLEADING IS ON FILE WITH
WHALEN HERSH, LLP

3

| | |
|---|---|
| DISTRICT COURT, COUNTY OF ARAPAHOE, STATE OF COLORADO<br><br>Arapahoe County Justice Center<br>7325 S. Potomac St.<br>Englewood, Colorado 80112<br>(303) 649-6355 | DATE FILED: June 14, 2018 5:41 PM<br>FILING ID: D2718187B7B88<br>CASE NUMBER: 2018CV31421 |
| **Plaintiffs**:<br>SHIRON MILLS and MARVELET RANDOLPH, as next friend and POA of SHIRON MILLS,<br><br>v.<br><br>**Defendants:**<br>FCA US, L.L.C. F/K/A CHRYSLER GROUP L.L.C., ZF TRW AUTOMOTIVE HOLDINGS CORP. F/K/A TRW AUTOMOTIVE HOLDINGS CORP., TRW AUTOMOTIVE, INC., TRW VEHICLE SAFETY SYSTEMS, INC., ENGLEWOOD MOTORS, INC. D/B/A EMI AUTOMOTIVE GROUP and JOHN DOE CORPORATIONS 1 THORUGH 10. | ▲COURT USE ONLY▲ |
| **ATTORNEYS:**<br>Name:      Reeves D. Whalen, Reg. No. 40189<br>              Graham D. Hersh, Reg. No. 48485<br>Attorneys:  Plaintiff<br>Address:    Whalen Hersh, LLP<br>              7955 E. Arapahoe Court, Ste. 2375<br>              Centennial, Colorado, 80112<br>Phone No.:  (720) 307-2666<br>Fax No.:    Declined pursuant to C.R.C.P. 5(b)<br>E-Mail:     rwhalen@whalenhersh.com<br>              ghersh@whalenhersh.com | Case No.<br><br>Ctrm./Div. |
| **DISTRICT COURT CIVIL SUMMONS** | |

**TO THE ABOVE-NAMED DEFENDANT:**    **FCA US, L.L.C.**
                                                **C/O THE CORPORATION COMPANY**
                                              **7700 E. Arapahoe Road, Suite 220**
                                              **Centennial, Colorado 80112**

       YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court an answer or other response to the attached Complaint and Jury Demand. If service of the Summons

FCA Notice of Removal
Exhibit A-4 (page 1 of 3)

and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

The following documents are served with this Summons: District Court Civil Case Cover Sheet; Complaint and Jury Demand.

Respectfully submitted this 14th day of June, 2018.

**WHALEN HERSH, LLP**

(Original signature on file at
Whalen Hersh, LLP )

By: /s/ Graham D. Hersh
Reeves D. Whalen
Graham D. Hersh
*Attorneys for Plaintiff*

This summons is issued pursuant to Rule 4, C.R.C.P. as amended. A copy of the complaint must be served with the summons. This form should not be used where service by publication is desired.

**WARNING:** A VALID SUMMONS MAY BE ISSUED BY A LAWYER AND IT NEED NOT CONTAIN A COURT CASE NUMBER, THE SIGNATURE OF A COURT OFFICER, OR A COURT SEAL. THE PLAINTIFF HAS 14 DAYS FROM THE DATE THIS SUMMONS WAS SERVED ON YOU TO FILE THE CASE WITH THE COURT. YOU ARE RESPONSIBLE FOR CONTACTING THE COURT TO FIND OUT WHETHER THE CASE HAS BEEN FILED AND OBTAIN THE CASE NUMBER. IF THE PLAINTIFF FILES THE CASE WITHIN THIS TIME, THEN YOU MUST RESPOND AS EXPLAINED IN THIS SUMMONS. IF THE PLAINTIFF FILES MORE THAN 14 DAYS AFTER THE DATE THE SUMMONS WAS SERVED ON YOU, THE CASE MAY BE DISMISSED UPON MOTION AND YOU MAY BE ENTITLED TO SEEK ATTORNEY FEES FROM THE PLAINTIFF.

TO THE CLERK: If the summons is issued by the clerk of the court, the signature block for the clerk or deputy should be provided by stamp, or typewriter, in the space to the left of the attorney's name.

THIS PLEADING WAS FILED WITH THE COURT THROUGH
THE ICCES ELECTRONIC FILING PROCEDURES, UNDER

FCA Notice of Removal

Exhibit A-4 (page 2 of 3)

C.R.C.P. 121(C), § 1-26.

AS REQUIRED BY THOSE RULES, THE ORIGINAL SIGNED COPY OF THIS
PLEADING IS ON FILE WITH
WHALEN HERSH, LLP

3

<table>
<tr><td>

DISTRICT COURT, COUNTY OF ARAPAHOE, STATE
OF COLORADO

Arapahoe County Justice Center
7325 S. Potomac St.
Englewood, Colorado 80112
(303) 649-6355

</td><td>

DATE FILED: June 14, 2018 5:41 PM
FILING ID: D2718187B7B88
CASE NUMBER: 2018CV31421

</td></tr>
<tr><td>

**Plaintiffs**:
SHIRON MILLS and MARVELET RANDOLPH, as next
friend and POA of SHIRON MILLS,

v.

**Defendants**:
FCA US, L.L.C. F/K/A CHRYSLER GROUP L.L.C., ZF
TRW AUTOMOTIVE HOLDINGS CORP. F/K/A TRW
AUTOMOTIVE HOLDINGS CORP., TRW
AUTOMOTIVE, INC., TRW VEHICLE SAFETY
SYSTEMS, INC., ENGLEWOOD MOTORS, INC. D/B/A
EMI AUTOMOTIVE GROUP and JOHN DOE
CORPORATIONS 1 THORUGH 10.

</td><td>

▲COURT USE ONLY▲

</td></tr>
<tr><td>

**ATTORNEYS:**
Name:          Reeves D. Whalen, Reg. No. 40189
               Graham D. Hersh, Reg. No. 48485
Attorneys:     Plaintiff
Address:       Whalen Hersh, LLP
               7955 E. Arapahoe Court, Ste. 2375
               Centennial, Colorado, 80112
Phone No.:     (720) 307-2666
Fax No.:       Declined pursuant to C.R.C.P. 5(b)
E-Mail:        rwhalen@whalenhersh.com
               ghersh@whalenhersh.com

</td><td>

Case No.

Ctrm./Div.

</td></tr>
<tr><td colspan="2">

### DISTRICT COURT CIVIL SUMMONS

</td></tr>
</table>

**TO THE ABOVE-NAMED DEFENDANT:**    **TRW AUTOMOTIVE, INC.**
**12001 Tech Center Drive**
**Livonia, Michigan 48150**

    YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court an
answer or other response to the attached Complaint and Jury Demand. If service of the Summons
and Complaint was made upon you within the State of Colorado, you are required to file your

1

FCA Notice of Removal
Exhibit A-5 (page 1 of 3)

answer or other response within 21 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

The following documents are served with this Summons: District Court Civil Case Cover Sheet; Complaint and Jury Demand.

Respectfully submitted this 14th day of June, 2018.

**WHALEN HERSH, LLP**

(Original signature on file at
Whalen Hersh, LLP )

By: /s/ Graham D. Hersh
      Reeves D. Whalen
      Graham D. Hersh
      *Attorneys for Plaintiff*

This summons is issued pursuant to Rule 4, C.R.C.P. as amended. A copy of the complaint must be served with the summons. This form should not be used where service by publication is desired.

**WARNING:** A VALID SUMMONS MAY BE ISSUED BY A LAWYER AND IT NEED NOT CONTAIN A COURT CASE NUMBER, THE SIGNATURE OF A COURT OFFICER, OR A COURT SEAL. THE PLAINTIFF HAS 14 DAYS FROM THE DATE THIS SUMMONS WAS SERVED ON YOU TO FILE THE CASE WITH THE COURT. YOU ARE RESPONSIBLE FOR CONTACTING THE COURT TO FIND OUT WHETHER THE CASE HAS BEEN FILED AND OBTAIN THE CASE NUMBER. IF THE PLAINTIFF FILES THE CASE WITHIN THIS TIME, THEN YOU MUST RESPOND AS EXPLAINED IN THIS SUMMONS. IF THE PLAINTIFF FILES MORE THAN 14 DAYS AFTER THE DATE THE SUMMONS WAS SERVED ON YOU, THE CASE MAY BE DISMISSED UPON MOTION AND YOU MAY BE ENTITLED TO SEEK ATTORNEY FEES FROM THE PLAINTIFF.

TO THE CLERK: If the summons is issued by the clerk of the court, the signature block for the clerk or deputy should be provided by stamp, or typewriter, in the space to the left of the attorney's name.

THIS PLEADING WAS FILED WITH THE COURT THROUGH
THE ICCES ELECTRONIC FILING PROCEDURES, UNDER
C.R.C.P. 121(C), § 1-26.

FCA Notice of Removal
Exhibit A-5 (page 2 of 3)

AS REQUIRED BY THOSE RULES, THE ORIGINAL SIGNED COPY OF THIS
PLEADING IS ON FILE WITH
WHALEN HERSH, LLP

3

| DISTRICT COURT, COUNTY OF ARAPAHOE, STATE OF COLORADO<br><br>Arapahoe County Justice Center<br>7325 S. Potomac St.<br>Englewood, Colorado 80112<br>(303) 649-6355 | DATE FILED: June 14, 2018 5:41 PM<br>FILING ID: D2718187B7B88<br>CASE NUMBER: 2018CV31421 |
|---|---|
| **Plaintiffs**:<br>SHIRON MILLS and MARVELET RANDOLPH, as next friend and POA of SHIRON MILLS,<br><br>v.<br><br>**Defendants**:<br>FCA US, L.L.C. F/K/A CHRYSLER GROUP L.L.C., ZF TRW AUTOMOTIVE HOLDINGS CORP. F/K/A TRW AUTOMOTIVE HOLDINGS CORP., TRW AUTOMOTIVE, INC., TRW VEHICLE SAFETY SYSTEMS, INC., ENGLEWOOD MOTORS, INC. D/B/A EMI AUTOMOTIVE GROUP and JOHN DOE CORPORATIONS 1 THORUGH 10. | ▲COURT USE ONLY▲ |
| **ATTORNEYS:**<br>Name:      Reeves D. Whalen, Reg. No. 40189<br>              Graham D. Hersh, Reg. No. 48485<br>Attorneys:  Plaintiff<br>Address:    Whalen Hersh, LLP<br>              7955 E. Arapahoe Court, Ste. 2375<br>              Centennial, Colorado, 80112<br>Phone No.:  (720) 307-2666<br>Fax No.:    Declined pursuant to C.R.C.P. 5(b)<br>E-Mail:     rwhalen@whalenhersh.com<br>              ghersh@whalenhersh.com | Case No.<br><br>Ctrm./Div. |
| **DISTRICT COURT CIVIL SUMMONS** | |

**TO THE ABOVE-NAMED DEFENDANT:**    **TRW VEHICLE SAFETY SYSTEMS, INC.**
**4505 West 26 Mile Road**
**Washington, Michigan 48094**

      YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court an answer or other response to the attached Complaint and Jury Demand. If service of the Summons

1

and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

The following documents are served with this Summons: District Court Civil Case Cover Sheet; Complaint and Jury Demand.

Respectfully submitted this 14th day of June, 2018.

**WHALEN HERSH, LLP**

(Original signature on file at
Whalen Hersh, LLP )

By: /s/ Graham D. Hersh                      
Reeves D. Whalen
Graham D. Hersh
*Attorneys for Plaintiff*

This summons is issued pursuant to Rule 4, C.R.C.P. as amended. A copy of the complaint must be served with the summons. This form should not be used where service by publication is desired.

**WARNING:** A VALID SUMMONS MAY BE ISSUED BY A LAWYER AND IT NEED NOT CONTAIN A COURT CASE NUMBER, THE SIGNATURE OF A COURT OFFICER, OR A COURT SEAL. THE PLAINTIFF HAS 14 DAYS FROM THE DATE THIS SUMMONS WAS SERVED ON YOU TO FILE THE CASE WITH THE COURT. YOU ARE RESPONSIBLE FOR CONTACTING THE COURT TO FIND OUT WHETHER THE CASE HAS BEEN FILED AND OBTAIN THE CASE NUMBER. IF THE PLAINTIFF FILES THE CASE WITHIN THIS TIME, THEN YOU MUST RESPOND AS EXPLAINED IN THIS SUMMONS. IF THE PLAINTIFF FILES MORE THAN 14 DAYS AFTER THE DATE THE SUMMONS WAS SERVED ON YOU, THE CASE MAY BE DISMISSED UPON MOTION AND YOU MAY BE ENTITLED TO SEEK ATTORNEY FEES FROM THE PLAINTIFF.

TO THE CLERK: If the summons is issued by the clerk of the court, the signature block for the clerk or deputy should be provided by stamp, or typewriter, in the space to the left of the attorney's name.

THIS PLEADING WAS FILED WITH THE COURT THROUGH
THE ICCES ELECTRONIC FILING PROCEDURES, UNDER

2

FCA Notice of Removal
Exhibit A-6 (page 2 of 3)

C.R.C.P. 121(C), § 1-26.

AS REQUIRED BY THOSE RULES, THE ORIGINAL SIGNED COPY OF THIS
PLEADING IS ON FILE WITH
WHALEN HERSH, LLP

| | |
|---|---|
| DISTRICT COURT, COUNTY OF ARAPAHOE, STATE OF COLORADO<br><br>Arapahoe County Justice Center<br>7325 S. Potomac St.<br>Englewood, Colorado 80112<br>(303) 649-6355 | DATE FILED: June 14, 2018 5:41 PM<br>FILING ID: D2718187B7B88<br>CASE NUMBER: 2018CV31421 |
| **Plaintiffs**:<br>SHIRON MILLS and MARVELET RANDOLPH, as next friend and POA of SHIRON MILLS,<br><br>v.<br><br>**Defendants:**<br>FCA US, L.L.C. F/K/A CHRYSLER GROUP L.L.C., ZF TRW AUTOMOTIVE HOLDINGS CORP. F/K/A TRW AUTOMOTIVE HOLDINGS CORP., TRW AUTOMOTIVE, INC., TRW VEHICLE SAFETY SYSTEMS, INC., ENGLEWOOD MOTORS, INC. D/B/A EMI AUTOMOTIVE GROUP and JOHN DOE CORPORATIONS 1 THORUGH 10. | ▲COURT USE ONLY▲ |
| **ATTORNEYS:**<br>Name:    Reeves D. Whalen, Reg. No. 40189<br>          Graham D. Hersh, Reg. No. 48485<br>Attorneys:  Plaintiff<br>Address:   Whalen Hersh, LLP<br>          7955 E. Arapahoe Court, Ste. 2375<br>          Centennial, Colorado, 80112<br>Phone No.: (720) 307-2666<br>Fax No.:   Declined pursuant to C.R.C.P. 5(b)<br>E-Mail:    rwhalen@whalenhersh.com<br>          ghersh@whalenhersh.com | Case No.<br><br>Ctrm./Div. |
| **DISTRICT COURT CIVIL SUMMONS** | |

**TO THE ABOVE-NAMED DEFENDANT:**   **ZF TRW AUTOMOTIVE HOLDING CORP.**
                                           **12001 Tech Center Drive**
                                           **Livonia, Michigan 48150**

      YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court an answer or other response to the attached Complaint and Jury Demand. If service of the Summons

and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

The following documents are served with this Summons: District Court Civil Case Cover Sheet; Complaint and Jury Demand.

Respectfully submitted this 14th day of June, 2018.

**WHALEN HERSH, LLP**

(Original signature on file at
Whalen Hersh, LLP )

By: /s/ Graham D. Hersh                              
      Reeves D. Whalen
      Graham D. Hersh
      *Attorneys for Plaintiff*

This summons is issued pursuant to Rule 4, C.R.C.P. as amended. A copy of the complaint must be served with the summons. This form should not be used where service by publication is desired.

**WARNING:** A VALID SUMMONS MAY BE ISSUED BY A LAWYER AND IT NEED NOT CONTAIN A COURT CASE NUMBER, THE SIGNATURE OF A COURT OFFICER, OR A COURT SEAL. THE PLAINTIFF HAS 14 DAYS FROM THE DATE THIS SUMMONS WAS SERVED ON YOU TO FILE THE CASE WITH THE COURT. YOU ARE RESPONSIBLE FOR CONTACTING THE COURT TO FIND OUT WHETHER THE CASE HAS BEEN FILED AND OBTAIN THE CASE NUMBER. IF THE PLAINTIFF FILES THE CASE WITHIN THIS TIME, THEN YOU MUST RESPOND AS EXPLAINED IN THIS SUMMONS. IF THE PLAINTIFF FILES MORE THAN 14 DAYS AFTER THE DATE THE SUMMONS WAS SERVED ON YOU, THE CASE MAY BE DISMISSED UPON MOTION AND YOU MAY BE ENTITLED TO SEEK ATTORNEY FEES FROM THE PLAINTIFF.

TO THE CLERK: If the summons is issued by the clerk of the court, the signature block for the clerk or deputy should be provided by stamp, or typewriter, in the space to the left of the attorney's name.

THIS PLEADING WAS FILED WITH THE COURT THROUGH
THE ICCES ELECTRONIC FILING PROCEDURES, UNDER

FCA Notice of Removal
Exhibit A-7 (page 2 of 3)

C.R.C.P. 121(C), § 1-26.

AS REQUIRED BY THOSE RULES, THE ORIGINAL SIGNED COPY OF THIS
PLEADING IS ON FILE WITH
WHALEN HERSH, LLP

3

DISTRICT COURT
ARAPAHOE COUNTY, COLORADO
Arapahoe County Justice Center
7325 S. Potomac St.
Centennial, CO 80112

COURT USE ONLY ▲

DATE FILED: June 15, 2018
CASE NUMBER: 2018CV31421

Plaintiff(s): Shiron Mills et al

v.

Defendant(s): FCA US LLC et al

Case Number: 2018CV31421

Division:  15

**DELAY REDUCTION ORDER**

**(FOR CASES FILED ON OR AFTER JULY 1, 2015)**

This Court is on a delay reduction docket.

A. For all civil actions, the following deadlines must be met:

1. <u>Service of Process</u>:  Returns of service on all defendants shall be filed within 63 days after the date of the filing of the complaint.

2. <u>Default Judgment</u>:  Application for default judgment shall be filed within 35 days after default has occurred.

3. <u>Trial Setting</u>:

a. For actions governed by C.R.C.P. 16, the trial shall be set at the case management conference.  Pursuant to C.R.C.P. 16(d)(1), the case management conference shall be held no later than 49 days after the case is at issue. The responsible attorney shall file and serve a notice to set the case management conference no later than 7 days after the case is at issue. The proposed case management order is due no later than 7 days prior to the conference.

   i. "The responsible attorney" shall mean plaintiff's counsel, if the plaintiff is represented by counsel, or if not, the defense counsel who first enters an appearance in the case.

   ii. A case shall be deemed at issue when all parties have been served and all pleadings permitted by C.R.C.P. 7 have been filed or defaults or dismissals have been entered against all non-appearing parties, or at such other time as the Court may direct.

b. For actions governed by Simplified Procedure under C.R.C.P. 16.1, the responsible attorney shall set the case for trial pursuant to C.R.C.P. 121, 1-6 no later than 42 days after the case is at issue, unless otherwise ordered by the Court.

   i. "The responsible attorney" shall mean plaintiff's counsel, if the plaintiff is represented by counsel, or if not, the defense counsel who first enters an appearance in the case.

FCA Notice of Removal
Exhibit A-8 (page 1 of 4)

ii.  A case shall be deemed at issue when all parties have been served and all pleadings permitted by C.R.C.P. 7 have been filed or defaults or dismissal have been entered against all non-appearing parties, or at such other time as the Court may direct.

B.  A District Court Civil Cover Sheet (JDF 601) shall be filed with all civil complaints.

C.  Plaintiff shall send a copy of this Order to all other parties who enter an appearance, and shall file a certificate of mailing within 14 days following the entry of appearance.

D.  Any attorney entering an appearance in this case who is aware of a related case is ordered to complete and file in this case a document entitled "Information Regarding Case(s)" informing the Court of the related case(s) and stating whether consolidation is appropriate.

E.  If an attorney or pro se party fails to comply with this Order, the Court may dismiss the case without prejudice.

Date:   6/15/18

BY THE COURT:
ASSIGNED JUDGE

-2-

| DISTRICT COURT<br>ARAPAHOE COUNTY, COLORADO<br>Arapahoe County Justice Center<br>7325 S. Potomac St.<br>Centennial, CO 80112 | |
|---|---|
| | ▲ COURT USE ONLY ▲ |
| Plaintiff(s):<br><br>v.<br><br>Defendant(s): | Case Number:<br><br>Division: |
| **ORDER REGARDING PLAN FOR SETTLEMENT PURSUANT TO C.R.C.P. 16(b)(7) and C.R.S. §§ 13-22-311, 313** | |

The following Orders apply to this case.

1. This Order applies to all civil cases filed at this Court.

2. No later than 35 days after the case is at issue, the parties shall explore the possibility of a prompt settlement or resolution of the case.

3. No later than 42 days after the case is at issue, the parties shall submit a document entitled "Stipulated Plan Regarding Settlement" setting forth their plans for future efforts to settle the case to the Court. Unless notified otherwise by the Court, the Stipulated Plan Regarding Settlement is automatically adopted as an Order of the Court.

   The Stipulated Plan Regarding Settlement (ADR Plan) must include the following:

   a. Specification of the selected form of ADR. The parties may select any form of ADR defined in C.R.S. § 13-22-302.

   b. Designation of a provider who has been contacted and has agreed to provide ADR services to the parties. The parties may select any provider available in the community including Office of Dispute Resolution (ODR). ODR offers moderately priced mediation and other ADR services. ODR can be scheduled at www.ColoradoODR.org or call 720-625-5940.

4. If no stipulated plan is submitted within 42 days of the case being at issue, the Court-ordered plan shall be that the parties must participate in mediation with ODR no later than 63 days prior to the trial date.

5. Failure to comply with this Order may result in sanctions including, but not limited to, loss of trial date.

-3-

6. The parties must certify in the proposed Trial Management Order (due 28 days before trial) that they have complied with the Stipulated Plan Regarding Settlement or with ODR pursuant to paragraph 3 above.

7. Plaintiff shall send a copy of this Order to all other parties who enter an appearance and shall file a certificate of mailing within 14 days following the entry of appearance.

BY THE COURT:
ASSIGNED JUDGE

-4-

DISTRICT COURT, COUNTY OF ARAPAHOE, STATE OF COLORADO

Court Address: 7325 S. Potomac St.
Englewood, CO 80112
Phone: (303) 649-6355

DATE FILED: July 9, 2018 11:47 AM
FILING ID: C888AADE39829
CASE NUMBER: 2018CV31421

Plaintiff(s):    **SHIRON MILLS, ET AL.**

. v.

Defendant(s):    **FCA US, L.L.C., ET AL.**

▲COURT USE ONLY▲

**Attorneys for Plaintiff:**
Whalen Hersh, LLP
Name:    Graham. D. Hersh, Esq. & Reeves D. Whalen, Esq.
Address:    7955 E. Arapahoe Court, Ste. 2375
    Centennial, Colorado 80112
Telephone: (720) 307-2666
Email:
Atty. Reg. #: 46467 & 40789

Case Number: 2018CV31421

Courtroom:

**RETURN OF SERVICE**

I declare under oath that I served this Summons, Complaint, Delay Reduction Order and Order Regarding Plan for Settlement on **ZF TRW Automotive Holdings Corp.** in New Castle County on __26__ June ___, 2018, at __4:15 pm__ (time), at the following location: **Registered Agent: Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808** by (State Manner of Service)   ACCEPTED: LYNANNE GARES(MANAGING AGENT)

I am over the age of 18 years and am not interested in nor a party to this case.

Signed under oath before me on __6/26/18__   (date).

_____
Process Server      KEVIN S. DUNN

STATE OF DELAWARE            )
                            )ss
COUNTY OF NEW CASTLE COUNTY    )

Subscribed and sworn to before me this __26__ day of ___JUNE___, 2018.

My commission expires: _____
Witness my hand and official seal.

_____
Notary Public

DENORRIS ANGELO BRITT
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires May 1, 2022

FCA Notice of Removal
Exhibit A-9 (page 1 of 3)

**DISTRICT COURT, COUNTY OF ARAPAHOE, STATE OF COLORADO**

Court Address: 7325 S. Potomac St.
Englewood, CO 80112
Phone: (303) 649-6355

| | |
|---|---|
| Plaintiff(s): **SHIRON MILLS, ET AL.** | |
| v. | |
| Defendant(s): **FCA US, L.L.C., ET AL.** | ▲COURT USE ONLY▲ |

**Attorneys for Plaintiff:**
Whalen Hersh, LLP
Name:    Graham. D. Hersh, Esq. & Reeves D. Whalen, Esq.
Address:  7955 E. Arapahoe Court, Ste. 2375
             Centennial, Colorado 80112
Telephone: (720) 307-2666
Email:

Case Number: 2018CV31421

Courtroom:

## RETURN OF SERVICE

I declare under oath that I served this Summons, Complaint, Delay Reduction Order and Order Regarding Plan for Settlement on **TRW Automotive, Inc.,** in New Castle County on June 26, 2018, at __4:15pm__ (time), at the following location: **Registered Agent: Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808** by (State Manner of Service) __ACCEPTED: LYNANNE GARES (MANAGING AGENT)__

   I am over the age of 18 years and am not interested in nor a party to this case.

Signed under oath before me on __6/26/18__ (date).

Process Server   KEVIN S. DUNN

STATE OF DELAWARE          )
                                          )ss
COUNTY OF NEW CASTLE COUNTY   )

Subscribed and sworn to before me this __26__ day of ____JUNE____, 2018.

My commission expires: _____
Witness my hand and official seal.

Notary Public

DENORRIS ANGELO BRITT
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires May 1, 2022

FCA Notice of Removal
Exhibit A-9 (page 2 of 3)

| | |
|---|---|
| **DISTRICT COURT, COUNTY OF ARAPAHOE, STATE OF COLORADO**<br><br>Court Address: 7325 S. Potomac St.<br>Englewood, CO 80112<br>Phone: (303) 649-6355 | |
| Plaintiff(s):    **SHIRON MILLS, ET AL.**<br><br>v.<br><br>Defendant(s):    **FCA US, L.L.C., ET AL.** | ▲COURT USE ONLY▲ |
| **Attorneys for Plaintiff:**<br>Whalen Hersh, LLP<br>Name:    Graham. D. Hersh, Esq. & Reeves D. Whalen, Esq.<br>Address:    7955 E. Arapahoe Court, Ste. 2375<br>           Centennial, Colorado 80112<br>Telephone: (720) 307-2666<br>Email:<br>Atty. Reg.    45465 & 44720 | Case Number: 2018CV31421<br><br>Courtroom: |

### RETURN OF SERVICE

I declare under oath that I served this Summons, Complaint, Delay Reduction Order and Order Regarding Plan for Settlement on **TRW Vehicle Safety Systems, Inc.,** in New Castle County on June 26 , 2018, at __4:15pm__ (time), at the following location:__Registered Agent: Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808__ by (State Manner of Service)   ACCEPTED: LYNANNE GARES (MANAGING AGENT)

I am over the age of 18 years and am not interested in nor a party to this case.

Signed under oath before me on __6/26/18__ (date).

Process Server    KEVIN S. DUNN

STATE OF DELAWARE                    )
                                      )ss
COUNTY OF NEW CASTLE COUNTY          )

Subscribed and sworn to before me this 26 day of _____JUNE_____, 2018.

My commission expires: _____
Witness my hand and official seal.

_____
Notary Public

DENORRIS ANGELO BRITT
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires May 1, 2022

**DISTRICT COURT, COUNTY OF ARAPAHOE, STATE OF COLORADO**

Court Address: 7325 S. Potomac St.
Englewood, CO 80112
Phone: (303) 649-6355

DATE FILED: July 10, 2018 10:32 AM
FILING ID: 8697F4CC94A62
CASE NUMBER: 2018CV31421

Plaintiff(s):    **SHIRON MILLS, ET AL.**

v.

Defendant(s):    **FCA US, L.L.C., ET AL.**    ▲COURT USE ONLY▲

**Attorneys for Plaintiff:**
Whalen Hersh, LLP
Name:    Graham. D. Hersh, Esq. & Reeves D. Whalen, Esq.
Address:    7955 E. Arapahoe Court, Ste. 2375
           Centennial, Colorado 80112
Telephone: (720) 307-2666
Email: ghersh@whalenhersh.com; rwhalen@whalenhersh.com
Atty. Reg. #: 48485 & 40189

Case Number: 2018CV31421

Courtroom:

**RETURN OF SERVICE**

I declare under oath that I served this Summons, Complaint, Delay Reduction Order and Order Regarding Plan for Settlement on **FCA U.S., L.L.C.**, in Arapahoe County on June 29, 2018, at 2:55pm (time), at the following location: **Registered Agent: The Corporation Company, 7700 E. Arapahoe Road, Ste., 220, Centennial, CO 80112** by (State Manner of Service) hand delivery to Emily Rasch .

☑ I am over the age of 18 years and am not interested in nor a party to this case.

Signed under oath before me on July 9, 2018 (date).

Process Server

STATE OF COLORADO    )
                     )ss
COUNTY OF ARAPAHOE   )

Subscribed and sworn to before me this 9th day of July , 2018.

My commission expires: 2|8|2019
Witness my hand and official seal.

Notary Public

KATELYNN DOW
Notary Public
State of Colorado
Notary ID # 20154006882
My Commission Expires 02-18-2019

FCA Notice of Removal
Exhibit A-10 (page 1 of 2)

DISTRICT COURT, COUNTY OF ARAPAHOE, STATE OF
COLORADO

Court Address: 7325 S. Potomac St.
Englewood, CO 80112
Phone: (303) 649-6355

| Plaintiff(s): | **SHIRON MILLS, ET AL.** | |
|---|---|---|
| v. | | |
| Defendant(s): | **FCA US, L.L.C., ET AL.** | **▲COURT USE ONLY▲** |

| **Attorneys for Plaintiff:** | |
|---|---|
| Whalen Hersh, LLP | Case Number: 2018CV31421 |
| Name:   Graham. D. Hersh, Esq. & Reeves D. Whalen, Esq. | |
| Address:   7955 E. Arapahoe Court, Ste. 2375 | Courtroom: |
| Centennial, Colorado 80112 | |
| Telephone: (720) 307-2666 | |
| Emai: ghersh@whalenhersh.com; rwhalen@whalenhersh.com | |
| Atty. Reg. #: 48485 & 40189 | |

**RETURN OF SERVICE**

I declare under oath that I served this Summons, Complaint, Delay Reduction Order and Order
Regarding Plan for Settlement on **Englewood Motors, , Inc.**, in Arapahoe County on
~~July~~ June 5 , 2018, at 2:30pm (time), at the following location:   **Registered Agent: Gary A.
Leisy, 4959 S. Broadway, Englewood, CO 80113.**
by (State Manner of Service) hand delivery to wendy Leisy     .

☑ I am over the age of 18 years and am not interested in nor a party to this case.

Signed under oath before me on  7/9/18     (date).

_____
Process Server

STATE OF COLORADO          )
)ss
COUNTY OF ARAPAHOE          )

Subscribed and sworn to before me this  9th  day of  July     , 2018.

My commission expires: 2/18/2019
Witness my hand and official seal.

_____
Notary Public

KATELYNN DOW
Notary Public
State of Colorado
Notary ID # 20154006882
My Commission Expires 02-18-2019

<table>
<tr><td>

**DISTRICT COURT, COUNTY OF ARAPAHOE, STATE OF COLORADO**

Court Address: 7325 S. Potomac St., Engelwood, CO 80112
Phone: (303) 649-6355

---

**Plaintiffs:**
**SHIRON MILLS AND MARVELET RANDOLPH, as next friend and POA for SHIRON MILLS,**

**v.**

**Defendants:**
**FCA, US, L.L.C. F/K/A CHRYSLER GROUP, L.L.C., ZF TRW AUTOMOTIVE HOLDINGS CORP. F/K/A TRW AUTOMOTIVE HOLDINGS CORP., TRW AUTOMOTIVE, INC., TRW VEHICLE SAFETY SYSTEMS, INC., ENGLEWOOD MOTORS, INC., D/B/A EMI AUTOMOTIVE GROUP AND JOHN DOE CORPORATIONS 1 THROUGH 10.**

---

*Attorneys for Plaintiff:*
**Metier Law Firm, LLC**
Name:        Phillip B. Chupik
Atty Reg #:  30887
Telephone:   (970) 377-3800
Facsimile:   (970) 225-1476
Email:       phil@metierlaw.com

</td><td>

DATE FILED: July 12, 2018 3:27 PM
FILING ID: 3C89CD02D84B1
CASE NUMBER: 2018CV31421

▲ **COURT USE ONLY** ▲

---

Case Number: 2018CV31421

</td></tr>
<tr><td colspan="2" align="center">

**ENTRY OF APPEARANCE**

</td></tr>
</table>

COMES NOW, Phillip B. Chupik, Attorney Registration #30887, of Metier Law Firm, LLC, respectfully enters his appearance as counsel on behalf of the Plaintiffs, Shiron Mills and Marvelet Randolph, in the above referenced matter.

Dated this 12th day of July, 2018.

Respectfully submitted,

**METIER LAW FIRM LLC**

*/s/ Phillip B. Chupik*
Phillip B. Chupik, CO Reg. 30887

<table>
<tr><td>

**DISTRICT COURT, COUNTY OF ARAPAHOE, STATE OF COLORADO**

Court Address: 7325 S. Potomac St., Engelwood, CO 80112
Phone: (303) 649-6355

DATE FILED: July 12, 2018 3:27 PM
FILING ID: 3C89CD02D84B1
CASE NUMBER: 2018CV31421

**Plaintiffs:**
**SHIRON MILLS AND MARVELET RANDOLPH, as next friend and POA for SHIRON MILLS,**

**v.**

**Defendants:**
**FCA, US, L.L.C. F/K/A CHRYSLER GROUP, L.L.C., ZF TRW AUTOMOTIVE HOLDINGS CORP. F/K/A TRW AUTOMOTIVE HOLDINGS CORP., TRW AUTOMOTIVE, INC., TRW VEHICLE SAFETY SYSTEMS, INC., ENGLEWOOD MOTORS, INC., D/B/A EMI AUTOMOTIVE GROUP AND JOHN DOE CORPORATIONS 1 THROUGH 10.**

▲**COURT USE ONLY**▲

Case Number: 2018CV31421

*Attorneys for Plaintiff:*
**Metier Law Firm, LLC**
Name:          T. Thomas Metier
Atty Reg #:    11381
Telephone:    (970) 377-3800
Facsimile:     (970) 225-1476
Email:          tom@metierlaw.com

</td></tr>
<tr><td colspan="2" align="center">

**ENTRY OF APPEARANCE**

</td></tr>
</table>

COMES NOW, T. Thomas Metier, Attorney Registration #11381, of Metier Law Firm, LLC, respectfully enters his appearance as counsel on behalf of the Plaintiffs, Shiron Mills and Marvelet Randolph, in the above referenced matter.

Dated this 12th day of July, 2018.

Respectfully submitted,

**METIER LAW FIRM LLC**

*/s/ T. Thomas Metier*
T. Thomas Metier, CO Reg. 11381

FCA Notice of Removal
Exhibit A-12 (page 1 of 1)

| | |
|---|---|
| DISTRICT COURT, COUNTY OF ARAPAHOE, STATE OF COLORADO<br><br>Arapahoe County Justice Center<br>7325 S. Potomac St.<br>Englewood, Colorado 80112<br>(303) 649-6355 | |
| SHIRON MILLS AND MARVELET RANDOLPH, as next friend and POA for SHIRON MILLS,<br><br>　　　　Plaintiffs<br><br>v.<br><br>FCA US, L.L.C. F/K/A CHRYSLER GROUP L.L.C., ZF TRW AUTOMOTIVE HOLDINGS CORP. F/K/A TRW AUTOMOTIVE HOLDINGS CORP., TRW AUTOMOTIVE, INC., TRW VEHICLE SAFETY SYSTEMS, INC., ENGLEWOOD MOTORS, INC. D/B/A EMI AUTOMOTIVE GROUP and JOHN DOE CORPORATIONS 1 THORUGH 10.<br><br>　　　　Defendants | ▲ **COURT USE ONLY** ▲<br><br>Case No. 2018CV31421<br><br>Div. |
| **_Attorneys for Defendant FCA US LLC:_**<br>Name:　　　Darin J. Lang, Esq. (#32343)<br>　　　　　　Adrienne L. Toon (#42984)<br>　　　　　　Nelson Mullins Riley & Scarborough LLP<br>Address:　　1400 Wewatta Street, Suite 500<br>　　　　　　Denver, CO　80202<br>Telephone:　303.583-9900<br>Facsimile:　303.583.9999<br>Email:　　　darin.lang@nelsonmullins.com<br>　　　　　　adrienne.toon@nelsonmullins.com | |
| **FCA US LLC'S ANSWER TO COMPLAINT AND JURY DEMAND** | |

Defendant FCA US LLC ("FCA US") hereby submits its Answer to the Plaintiffs'

Complaint and Jury Demand ("Complaint").

## PARTIES

1.      FCA US is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint; therefore, FCA US denies those allegations.

2.      FCA US is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint; therefore, FCA US denies those allegations.

3.      FCA US is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint; therefore, FCA US denies those allegations.

4.      FCA US admits that it is a Delaware limited liability company with its principal place of business located at 1000 Chrysler Drive, Auburn Hills, Michigan 48326. FCA US admits that it maintains a registered agent for service of process in Colorado at the following address: 7700 E. Arapahoe Road, Suite 220, Centennial, Colorado 80112. FCA US admits that it is in the business of designing, manufacturing, and selling automobiles.   FCA US denies the remaining allegations set forth in paragraph 4 of the Complaint as phrased.

5.      FCA US is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint; therefore, FCA US denies those allegations.

6.      FCA US is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint; therefore, FCA US denies those allegations.

FCA Notice of Removal
Exhibit A-13 (page 2 of 24)

7.      FCA US is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint; therefore, FCA US denies those allegations.

8.      FCA US is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint; therefore, FCA US denies those allegations.

9.      FCA US is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint; therefore, FCA US denies those allegations.

10.     FCA US is without sufficient knowledge or information to form a belief as to the truth of allegations set forth in paragraph 10 of the Complaint; therefore, FCA US denies those allegations. FCA US further denies that it is the same as or has any relation whatsoever to John Doe Corporations 1 through 10, and FCA US denies that any such entity is a parent, sister, subsidiary and/or affiliated corporation of FCA US LLC.

11.     FCA US admits that it is a "seller" within the meaning of C.R.S. § 13-21-401(3) but denies that FCA US was such a seller at all times relevant to this case. FCA US denies that it designed, developed, tested, manufactured, marketed or distributed the 2007 Jeep Liberty, VIN 1J4GL48K97W612878 (the "Jeep"). FCA US denies it is a successor to the manufacturer of the Jeep or any of its predecessors or successors. The manufacturer of the Jeep (and its predecessors and successors) and FCA US are separate and distinct companies. The liability of FCA US, if any, with respect to the claims asserted in this case is limited to those liabilities assumed by FCA US as set forth in the Stipulation and Agreed Upon Order Approving Amendment No. 4 to

FCA Notice of Removal
Exhibit A-13 (page 3 of 24)

Master Transaction Agreement, dated November 19, 2009. FCA US denies the remaining

allegations set forth in paragraph 11 of the Complaint.

12.     FCA US denies that it designed, developed, tested, manufactured, marketed or

distributed the Jeep. FCA US denies it is a successor to the manufacturer of the Jeep or any of its

predecessors or successors. The manufacturer of the Jeep (and its predecessors and successors)

and FCA US are separate and distinct companies. The liability of FCA US, if any, with respect to

the claims asserted in this case is limited to those liabilities assumed by FCA US as set forth in

the Stipulation and Agreed Upon Order Approving Amendment No. 4 to Master Transaction

Agreement, dated November 19, 2009. FCA US denies the remaining allegations set forth in

paragraph 12 of the Complaint, if any.

13.     FCA US is without sufficient knowledge or information to form a belief as to the

truth of the allegations set forth in paragraph 13 of the Complaint; therefore, FCA US denies

those allegations.

14.     FCA US is without sufficient knowledge or information to form a belief as to the

truth of the allegations set forth in paragraph 14 of the Complaint; therefore, FCA US denies

those allegations.

<u>**JURISDICTION AND VENUE**</u>

15.     FCA US admits that the Court has subject matter jurisdiction over this action.

16.     FCA US admits that this Court has personal jurisdiction over FCA US in this

case. FCA US is without sufficient knowledge or information to form a belief as to whether the

Court has personal jurisdiction over the remaining Defendants in this case. FCA US denies the

remaining allegations set forth in paragraph 16 of the Complaint as phrased.

4

17.     FCA US admits that venue is proper in this Court and that FCA US maintains a registered agent for service of process in Arapahoe County. FCA US denies the remaining allegations set forth in paragraph 17 of the Complaint.

**GENERAL ALLEGATIONS**

18.     FCA US is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint; therefore, FCA US denies those allegations.

19.     FCA US is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint; therefore, FCA US denies those allegations.

20.     FCA US denies the allegations set forth in paragraph 20 of the Complaint.

21.     FCA US is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint; therefore, FCA US denies those allegations.

22.     FCA US is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint; therefore, FCA US denies those allegations.

23.     FCA US is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint; therefore, FCA US denies those allegations.

24.     FCA US is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint; therefore, FCA US denies those allegations.

FCA Notice of Removal
Exhibit A-13 (page 5 of 24)

25.    FCA US is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint; therefore, FCA US denies those allegations.

26.    FCA US is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint; therefore, FCA US denies those allegations.

27.    FCA US is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint; therefore, FCA US denies those allegations.

28.    FCA US is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint; therefore, FCA US denies those allegations.

29.    FCA US is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint; therefore, FCA US denies those allegations.

30.    FCA US admits, on information and belief, that a crash occurred involving the Jeep on or about June 18, 2016 in Aurora, Colorado. FCA US is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 30 of the Complaint; therefore, FCA US denies those allegations.

31.    FCA US admits, on information and belief, that a crash occurred involving the Jeep on or about June 18, 2016 in Aurora, Colorado. FCA US is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 31 of the Complaint; therefore, FCA US denies those allegations.

FCA Notice of Removal
Exhibit A-13 (page 6 of 24)

32.     FCA US admits, on information and belief, that a crash occurred involving the Jeep on or about June 18, 2016 in Aurora, Colorado. FCA US is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 32 of the Complaint; therefore, FCA US denies those allegations.

33.     FCA US admits, on information and belief, that a crash occurred involving the Jeep on or about June 18, 2016 in Aurora, Colorado. FCA US is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 33 of the Complaint; therefore, FCA US denies those allegations.

34.     FCA US admits, on information and belief, that a crash occurred involving the Jeep on or about June 18, 2016 in Aurora, Colorado. FCA US is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 34 of the Complaint; therefore, FCA US denies those allegations.

35.     FCA US is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint; therefore, FCA US denies those allegations.

36.     FCA US is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint; therefore, FCA US denies those allegations.

37.     FCA US is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint; therefore, FCA US denies those allegations.

38.    FCA US is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint; therefore, FCA US denies those allegations.

39.    FCA US is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint; therefore, FCA US denies those allegations.

40.    FCA US is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint; therefore, FCA US denies those allegations.

41.    FCA US is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint; therefore, FCA US denies those allegations.

42.    FCA US is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint; therefore, FCA US denies those allegations.

43.    FCA US is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint; therefore, FCA US denies those allegations.

44.    FCA US denies the allegations set forth in paragraph 44 of the Complaint.

45.    FCA US is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint; therefore, FCA US denies those allegations.

FCA Notice of Removal

Exhibit A-13 (page 8 of 24)

46.     FCA US is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 46 of the Complaint; therefore, FCA US denies those allegations.

47.     FCA US is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 47 of the Complaint; therefore, FCA US denies those allegations.

48.     FCA US is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 48 of the Complaint; therefore, FCA US denies those allegations.

49.     FCA US is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 49 of the Complaint; therefore, FCA US denies those allegations.

50.     FCA US is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 50 of the Complaint; therefore, FCA US denies those allegations.

51.     FCA US is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint; therefore, FCA US denies those allegations.

52.     FCA US is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 52 of the Complaint; therefore, FCA US denies those allegations.

53.     FCA US is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 53 of the Complaint; therefore, FCA US denies those allegations.

54.     FCA US is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 54 of the Complaint; therefore, FCA US denies those allegations.

55.     FCA US is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 55 of the Complaint; therefore, FCA US denies those allegations.

56.     FCA US is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 56 of the Complaint; therefore, FCA US denies those allegations.

57.     FCA US is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 57 of the Complaint; therefore, FCA US denies those allegations.

58.     FCA US is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 58 of the Complaint; therefore, FCA US denies those allegations.

59.     FCA US denies that it designed, developed, tested, manufactured, marketed or distributed the Jeep. FCA US denies it is a successor to the manufacturer of the Jeep or any of its predecessors or successors. The manufacturer of the Jeep (and its predecessors and successors) and FCA US are separate and distinct companies. FCA US denies the remaining allegations set forth in paragraph 59 of the Complaint.

60.     FCA US denies the allegations set forth in paragraph 60 of the Complaint.

61.     FCA US denies that it designed, developed, tested, manufactured, marketed or distributed the Jeep. FCA US denies it is a successor to the manufacturer of the Jeep or any of its predecessors or successors. The manufacturer of the Jeep (and its predecessors and successors) and FCA US are separate and distinct companies. FCA US denies the remaining allegations set forth in paragraph 61 of the Complaint.

62.     FCA US denies that it designed, developed, tested, manufactured, marketed or distributed the Jeep. FCA US denies it is a successor to the manufacturer of the Jeep or any of its predecessors or successors. The manufacturer of the Jeep (and its predecessors and successors) and FCA US are separate and distinct companies. FCA US denies the remaining allegations set forth in paragraph 62 of the Complaint.

63.     The allegations set forth in paragraph 63 of the Complaint are not directed at FCA US; therefore, no response is required. To the extent a response is necessary and to the extent the allegations are in any respect directed at FCA US, the allegations are denied.

64.     FCA US states that the allegations set forth in paragraph 64 of the Complaint consist solely of legal conclusions as to which no response is required by FCA US. To the extent a response is required, FCA US denies the allegations set forth in paragraph 64 of the Complaint.

65.     FCA US is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Ms. Mills' alleged reliance set forth in paragraph 65 of the Complaint; therefore, FCA US denies those allegations. FCA US denies that it designed, developed, tested, manufactured, marketed or distributed the Jeep and FCA US denies that it ever made any representations regarding the Jeep. FCA US denies the remaining allegations set forth in paragraph 65 of the Complaint.

11

66.     FCA US is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Ms. Mills' alleged reliance set forth in paragraph 66 of the Complaint; therefore, FCA US denies those allegations. FCA US denies that it designed, developed, tested, manufactured, marketed or distributed the Jeep and FCA US denies that it ever made any representations regarding the Jeep. FCA US denies the remaining allegations set forth in paragraph 66 of the Complaint.

67.     FCA US is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Ms. Mills' alleged reliance set forth in paragraph 67 of the Complaint; therefore, FCA US denies those allegations. FCA US denies that it designed, developed, tested, manufactured, marketed or distributed the Jeep and FCA US denies that it ever made any representations regarding the Jeep. FCA US denies the remaining allegations set forth in paragraph 67 of the Complaint.

68.     FCA US denies that it designed, developed, tested, manufactured, marketed or distributed the Jeep. FCA US denies it is a successor to the manufacturer of the Jeep or any of its predecessors or successors. The manufacturer of the Jeep (and its predecessors and successors) and FCA US are separate and distinct companies. FCA US denies the remaining allegations set forth in paragraph 68 of the Complaint.

69.     FCA US is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 63 of the Complaint; therefore, FCA US denies those allegations.

70.     FCA US denies that it designed, developed, tested, manufactured, marketed or distributed the Jeep. FCA admits that Ms. Mills was an individual who would be reasonably

expected to use the Jeep. FCA US denies any remaining allegations set forth in paragraph 70 of the Complaint.

71.    FCA US denies that it designed, developed, tested, manufactured, marketed or distributed the Jeep.  FCA US denies the remaining allegations set forth in paragraph 71 of the Complaint.

72.    FCA US denies the allegations set forth in paragraph 72 of the Complaint.

73.    FCA US denies the allegations set forth in paragraph 73 of the Complaint.

74.    FCA US denies the allegations set forth in paragraph 74 of the Complaint.

75.    FCA US denies the allegations set forth in paragraph 75 of the Complaint.

**FIRST CLAIM FOR RELIEF – DEFENDANTS CHRYSLER, TRW and JOHN DOES**
**(Products Liability – Design Defect)**

76.    FCA US incorporates by reference its responses and objections contained in paragraphs 1 through 75 above as though fully set forth herein.

77.    FCA US denies that it designed, developed, tested, manufactured, marketed or distributed the Jeep. FCA US denies it is a successor to the manufacturer of the Jeep or any of its predecessors or successors. The manufacturer of the Jeep (and its predecessors and successors) and FCA US are separate and distinct companies. FCA US admits that since late 2009, it has distributed FCA US-brand vehicles for ultimate sale to consumers in Colorado. FCA US denies the remaining allegations set forth in paragraph 77 of the Complaint as phrased.

78.    FCA US denies the allegations set forth in paragraph 78 of the Complaint.

79.    FCA US denies the allegations set forth in paragraph 79 of the Complaint and each of its subparts.

80.    FCA US denies the allegations set forth in paragraph 80 of the Complaint.

FCA Notice of Removal
Exhibit A-13 (page 13 of 24)

81.     FCA US denies the allegations set forth in paragraph 81 of the Complaint and each of its subparts.

82.     The allegations set forth in paragraph 82 of the Complaint are not directed at FCA US; therefore, no response is required. To the extent a response is necessary and to the extent the allegations are in any respect directed at FCA US, the allegations set forth in paragraph 82 of the Complaint and each of its subparts are denied.

83.     FCA US denies the allegations set forth in paragraph 83 of the Complaint.

84.     FCA US denies the allegations set forth in paragraph 84 of the Complaint.

85.     FCA US denies the allegations set forth in paragraph 85 of the Complaint.

86.     FCA US denies the allegations set forth in paragraph 86 of the Complaint.

**SECOND CLAIM FOR RELIEF – DEFENDANTS CHRYSLER, TRW and JOHN DOES**
**(Products Liability – Manufacturing Defect)**

87.     FCA US incorporates by reference its responses and objections contained in paragraphs 1 through 86 above as though fully set forth herein.

88.     FCA US denies that it designed, developed, tested, manufactured, marketed or distributed the Jeep. FCA US denies it is a successor to the manufacturer of the Jeep or any of its predecessors or successors. The manufacturer of the Jeep (and its predecessors and successors) and FCA US are separate and distinct companies. FCA US admits that since late 2009, it has distributed FCA-brand vehicles for ultimate sale to consumers in Colorado. FCA US denies the remaining allegations set forth in paragraph 88 of the Complaint as phrased.

89.     FCA US denies the allegations set forth in paragraph 89 of the Complaint.

90.     FCA US denies the allegations set forth in paragraph 90 of the Complaint.

91.     FCA US denies the allegations set forth in paragraph 91 of the Complaint and each of its subparts.

14

92.    FCA US denies the allegations set forth in paragraph 92 of the Complaint and each of its subparts.

93.    The allegations set forth in paragraph 93 of the Complaint are not directed at FCA US; therefore, no response is required. To the extent a response is necessary and to the extent the allegations are in any respect directed at FCA US, the allegations of paragraph 93 of the Complaint and each of its subparts are denied.

94.    FCA US denies the allegations set forth in paragraph 94 of the Complaint.

95.    FCA US denies the allegations set forth in paragraph 95 of the Complaint.

**THIRD CLAIM FOR RELIEF – ALL DEFENDANTS**
**(Products Liability – Failure to Warn)**

96.    FCA US incorporates by reference its responses and objections contained in paragraphs 1 through 95 above as though fully set forth herein.

97.    FCA US denies that it designed, developed, tested, manufactured, marketed or distributed the Jeep. FCA US denies it is a successor to the manufacturer of the Jeep or any of its predecessors or successors. The manufacturer of the Jeep (and its predecessors and successors) and FCA US are separate and distinct companies. FCA US admits that since late 2009, it has distributed FCA-brand vehicles for ultimate sale to consumers in Colorado. FCA US denies the remaining allegations set forth in paragraph 97 of the Complaint as phrased.

98.    FCA US denies the allegations set forth in paragraph 98 of the Complaint.

99.    FCA US denies the allegations set forth in paragraph 99 of the Complaint.

100.    FCA US denies the allegations set forth in paragraph 100 of the Complaint.

101.    FCA US denies the allegations set forth in paragraph 101 of the Complaint.

102.    FCA US denies the allegations set forth in paragraph 102 of the Complaint.

103.    FCA US denies the allegations set forth in paragraph 103 of the Complaint.

104.    FCA US denies the allegations set forth in paragraph 104 of the Complaint.

105.    FCA US denies the allegations set forth in paragraph 105 of the Complaint.

106.    FCA US denies the allegations set forth in paragraph 106 of the Complaint.

## FOURTH CLAIM FOR RELIEF – ALL DEFENDANTS
### (Negligence)

107.    FCA US incorporates by reference its responses and objections contained in paragraphs 1 through 106 above as though fully set forth herein.

108.    FCA US denies that it designed, developed, tested, manufactured, marketed or distributed the Jeep. The liability of FCA US, if any, with respect to the claims asserted in this case is limited to those liabilities assumed by FCA US as set forth in the Stipulation and Agreed Upon Order Approving Amendment No. 4 to Master Transaction Agreement, dated November 19, 2009. FCA US denies the remaining allegations set forth in paragraph 108 of the Complaint as phrased.

109.    FCA US denies that it designed, developed, tested, manufactured, marketed or distributed the Jeep. The liability of FCA US, if any, with respect to the claims asserted in this case is limited to those liabilities assumed by FCA US as set forth in the Stipulation and Agreed Upon Order Approving Amendment No. 4 to Master Transaction Agreement, dated November 19, 2009. FCA US denies the remaining allegations set forth in paragraph 109 of the Complaint as phrased.

110.    FCA US denies that it designed, developed, tested, manufactured, marketed or distributed the Jeep. The liability of FCA US, if any, with respect to the claims asserted in this case is limited to those liabilities assumed by FCA US as set forth in the Stipulation and Agreed Upon Order Approving Amendment No. 4 to Master Transaction Agreement, dated November 19, 2009. FCA US denies the remaining allegations set forth in paragraph 110 of the Complaint.

111.    FCA US denies that it designed, developed, tested, manufactured, marketed or distributed the Jeep. The liability of FCA US, if any, with respect to the claims asserted in this case is limited to those liabilities assumed by FCA US as set forth in the Stipulation and Agreed Upon Order Approving Amendment No. 4 to Master Transaction Agreement, dated November 19, 2009. FCA US denies the remaining allegations set forth in paragraph 111 of the Complaint as phrased.

112.    FCA US denies the allegations set forth in paragraph 112 of the Complaint.

113.    FCA US denies the allegations set forth in paragraph 113 of the Complaint.

114.    FCA US denies the allegations set forth in paragraph 112 of the Complaint.

115.    FCA US denies the allegations set forth in paragraph 115 of the Complaint and each of its subparts.

116.    The allegations set forth in paragraph 116 of the Complaint are not directed at FCA US; therefore, no response is required. To the extent a response is necessary and to the extent the allegations are in any respect directed at FCA US, the allegations set forth in paragraph 116 and each of its subparts are denied.

117.    The allegations set forth in paragraph 117 of the Complaint are not directed at FCA US; therefore, no response is required. To the extent a response is necessary and to the extent the allegations are in any respect directed at FCA US, the allegations are denied.

118.    The allegations set forth in paragraph 118 of the Complaint are not directed at FCA US; therefore, no response is required. To the extent a response is necessary and to the extent the allegations are in any respect directed at FCA US, the allegations are denied.

119.    The allegations set forth in paragraph 119 of the Complaint are not directed at FCA US; therefore, no response is required. To the extent a response is necessary and to the extent the allegations are in any respect directed at FCA US, the allegations are denied.

120.    FCA US states that the allegations set forth in paragraph 120 of the Complaint consist solely of legal conclusions to which no response is required by FCA US. To the extent a response is required, FCA US denies the allegations set forth in paragraph 120 of the Complaint.

121.    FCA US denies the allegations set forth in paragraph 121 of the Complaint.

122.    FCA US denies that it designed, developed, tested, manufactured, marketed or distributed the Jeep.   FCA US denies the remaining allegations set forth in paragraph 122 of the Complaint.

123.    FCA US denies that it designed, developed, tested, manufactured, marketed or distributed the Jeep. FCA US denies the remaining allegations set forth in paragraph 123 of the Complaint.

124.    FCA US denies that it designed, developed, tested, manufactured, marketed or distributed the Jeep.   FCA US denies the remaining allegations set forth in paragraph 124 of the Complaint.

**<u>FIFTH CLAIM FOR RELIEF – ALL DEFENDANTS</u>**
**(Breach of Implied Warranty)**

125.    FCA US incorporates by reference its responses and objections contained in paragraphs 1 through 124 above as though fully set forth herein.

126.    FCA US denies that it designed, developed, tested, manufactured, marketed or distributed the Jeep. The liability of FCA US, if any, with respect to the claims asserted in this case is limited to those liabilities assumed by FCA US as set forth in the Stipulation and Agreed

Upon Order Approving Amendment No. 4 to Master Transaction Agreement, dated November 19, 2009. FCA US denies the remaining allegations set forth in paragraph 126 of the Complaint.

127.    FCA US denies that it designed, developed, tested, manufactured, marketed or distributed the Jeep. The liability of FCA US, if any, with respect to the claims asserted in this case is limited to those liabilities assumed by FCA US as set forth in the Stipulation and Agreed Upon Order Approving Amendment No. 4 to Master Transaction Agreement, dated November 19, 2009. FCA US denies any remaining allegations set forth in paragraph 127 of the Complaint.

128.    FCA US denies that it designed, developed, tested, manufactured, marketed or distributed the Jeep. The liability of FCA US, if any, with respect to the claims asserted in this case is limited to those liabilities assumed by FCA US as set forth in the Stipulation and Agreed Upon Order Approving Amendment No. 4 to Master Transaction Agreement, dated November 19, 2009. FCA US denies the remaining allegations set forth in paragraph 128 of the Complaint.

129.    FCA US denies the allegations set forth in paragraph 129 of the Complaint.

130.    FCA US denies the allegations set forth in paragraph 130 of the Complaint.

131.    FCA US denies the allegations set forth in paragraph 131 of the Complaint.

132.    FCA US denies the allegations set forth in paragraph 132 of the Complaint.

133.    FCA US denies the allegations set forth in paragraph 133 of the Complaint.

<u>**SIXTH CLAIM FOR RELIEF – ALL DEFENDANTS**</u>
**(Breach of Express Warranty)**

134.    FCA US incorporates by reference its responses and objections contained in paragraphs 1 through 133 above as though fully set forth herein.

135.    FCA US denies that it designed, developed, tested, manufactured, marketed or distributed the Jeep. FCA admits that Ms. Mills was an individual who would be reasonably

FCA Notice of Removal
Exhibit A-13 (page 19 of 24)

expected to use the Jeep. FCA US denies any remaining allegations set forth in paragraph 135 of the Complaint.

136.    FCA US FCA US denies that it designed, developed, tested, manufactured, marketed or distributed the Jeep. The liability of FCA US, if any, with respect to the claims asserted in this case is limited to those liabilities assumed by FCA US as set forth in the Stipulation and Agreed Upon Order Approving Amendment No. 4 to Master Transaction Agreement, dated November 19, 2009.  FCA US denies the remaining allegations set forth in paragraph 136 of the Complaint as phrased.

137.    FCA US is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Ms. Mills' alleged reliance set forth in paragraph 137 of the Complaint; therefore, FCA US denies those allegations. FCA US FCA US denies that it designed, developed, tested, manufactured, marketed or distributed the Jeep. The liability of FCA US, if any, with respect to the claims asserted in this case is limited to those liabilities assumed by FCA US as set forth in the Stipulation and Agreed Upon Order Approving Amendment No. 4 to Master Transaction Agreement, dated November 19, 2009.  FCA US denies the remaining allegations set forth in paragraph 137 of the Complaint as phrased.

138.    FCA US denies that it designed, developed, tested, manufactured, marketed or distributed the Jeep. The liability of FCA US, if any, with respect to the claims asserted in this case is limited to those liabilities assumed by FCA US as set forth in the Stipulation and Agreed Upon Order Approving Amendment No. 4 to Master Transaction Agreement, dated November 19, 2009.  FCA US denies the remaining allegations set forth in paragraph 138 of the Complaint.

139.    FCA US denies the allegations set forth in paragraph 139 of the Complaint.

140.    FCA US denies the allegations set forth in paragraph 140 of the Complaint.

FCA Notice of Removal
Exhibit A-13 (page 20 of 24)

141.    FCA US denies the allegations set forth in paragraph 141 of the Complaint.

142.    FCA US denies the allegations set forth in paragraph 142 of the Complaint.

## PRAYER FOR RELIEF

FCA US denies the allegations set forth in the "WHEREFORE" clause following paragraph 142 of the Complaint and all subparts of the "WHEREFORE" clause. FCA further denies: 1) that it is liable to Plaintiffs or any other party under the allegations and causes of action asserted in this lawsuit; b) any and all allegations of liability under any theory of recovery; c) that its conduct fell below the applicable standard of care; d) all allegations of causation of damages; and e) that any party is entitled to recover any measure of damage under any theory of recovery against FCA US. As such, FCA US denies that Plaintiffs are entitled to a judgment against FCA US for damages, attorneys' fees, costs, interest or any other form of relief.

FCA US denies all allegations contained in the Complaint that are not expressly admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.    Plaintiffs' Complaint fails to state a claim against FCA US upon which relief can be granted.

2.    Plaintiffs' claims, in whole or in part, are barred by the applicable statute or statutes of limitation.

3.    The injuries and damages sustained by Plaintiffs were the result of the contributory or comparative negligence or fault of Plaintiffs or the comparative negligence or fault of other parties or third parties over whom FCA US had no control or right of control, and as such, any recovery upon the claims asserted by Plaintiffs is barred or proportionately reduced as to FCA US pursuant to C.R.S. §§ 13-21-111, 13-21-111.5 and 13-21-406.

4.      Plaintiffs' claims may be barred or reduced, in part, by the Plaintiffs' assumption
of the risk pursuant to C.R.S. § 13-21-111.7.

5.      Plaintiffs' claims may be barred or limited by Plaintiffs' or other third parties'
misuse, abuse, or neglect of the subject vehicle or by modifications or alterations to the subject
vehicle pursuant to C.R.S. § 13-21-402.5.

6.      Plaintiffs' claims for breach of warranty may be barred or limited by the terms
and conditions of any applicable warranty.

7.      Plaintiffs' damages, if any, may be barred or reduced in part by Plaintiffs' receipt
of payments pursuant to C.R.S. § 13-21-111.6.

8.      FCA US is entitled to the defenses and presumptions under the Colorado Products
Liability Act, C.R.S. § 13-21-401, et seq., including without limitation, conformance with the
state of the art and conformance with applicable codes, standards or regulations adopted or
promulgated by the United States or any agency of the United States.

9.      Plaintiffs' claims may be barred or limited by the provisions of C.R.S. § 13-21-
102.5.

10.     Plaintiffs' claims may be barred or limited pursuant to C.R.S. § 13-21-402 by the
fact that the crash at issue in this case caused the Jeep to be used in a manner or for a purpose
other than that which was intended and which could not reasonably have been foreseen or
expected.

11.     Plaintiffs' claims against FCA US are barred or limited by the terms of the
Stipulation and Agreed Upon Order Approving Amendment No. 4 to Master Transaction
Agreement, dated November 19, 2009 and other orders entered by the Bankruptcy Court for the
Southern District of New York.

FCA US reserves the right to add defenses as this case progresses and the facts are more fully discovered.

FCA US demands a jury trial as to all issues and claims so triable.

WHEREFORE, FCA US prays for judgment as follows:

1.  That Plaintiffs take nothing against FCA US by way of their Complaint;

2.  That the claims against FCA US set forth in the Complaint be dismissed with prejudice;

3.  That FCA US be awarded its costs, including attorney fees, incurred in connection with defending against this action; and

4.  For such other and further relief as the Court deems just and proper.

Dated:  July 19, 2018                    Respectfully submitted,


                                         s/ Darin J. Lang
                                         _____
                                         Darin J. Lang
                                         Adrienne L. Toon
                                         Nelson Mullins Riley & Scarborough LLP
                                         1400 Wewatta Street, Suite 500
                                         Denver, CO  80202
                                         Telephone:  (303) 583-9900
                                         Facsimile:  (303) 583-9999
                                         Email:   darin.lang@nelsonmullins.com
                                                  adrienne.toon@nelsonmullins.com

                                         Attorneys for Defendant FCA US LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 19 day of July, 2018, a true and correct copy of the foregoing was electronically filed and served on all parties of record via Colorado Courts E-filing system.

Reeves D. Whalen, Esq.
Graham D. Hersh, Esq.
Whalen Hersh, LLP
7955 E. Arapahoe Court, Ste. 2375
Centennial, Colorado, 80112

Phillip B. Chupik, Esq.
T. Thomas Metier, Esq.
Metier Law Firm, LLC
4828 S. College Ave.
Fort Collins, Colorado 80525

*s/Lauri Epstein*

FCA Notice of Removal
Exhibit A-13 (page 24 of 24)